UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

**DENISE BAKER,**
**For herself and on behalf of all**
**similarly situated individuals,**

    **Plaintiff,**

v.                                        **CASE NO.: 1:17cv1160-LMB-JFA**

**NAVIENT SOLUTIONS, LLC,**
**F/K/A NAVIENT SOLUTIONS, INC.,**
**F/K/A SALLIE MAE, INC.**

    **Defendant.**

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF**
**MOTION FOR CLASS CERTIFICATION**
**AND APPOINTMENT OF CLASS COUNSEL**

**Introduction**[1]

This action is brought for violations of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, et seq. ("TCPA" or "the Act"), arising out of telephone calls made by or on behalf of Defendant to Plaintiff's cell phone number using an automatic telephone dialing system (hereinafter "Autodialer"). Such calls are commonly referred to as "robocalls." "Robocalls" are the #1 consumer complaint in America today.

Defendant Navient, or persons acting as its agent or calling on its behalf, robocalled

---

[1] Plaintiff files the motion to which this memorandum pertains at this juncture only to preserve the putative class claims and avoid any attempt by Defendant to moot the named Plaintiff's claims. *See e.g. Fontenot v. McCraw*, 777 F.3d 741, 751 (5th Cir. 2015) ("[P]laintiffs could have filed a class action certification motion against McCraw, and indeed could have filed the motion simultaneously with the filing of their first amended complaint."). *See also Chatman v GC Servs, LP*, 302 F.R.D. 136 (D.S.C. 2014). Plaintiff has filed a concurrent Motion to Stay further briefing and the hearing on and the determination of this Motion until such time as the parties have had an adequate opportunity to conduct discovery.

Plaintiff in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), while servicing or attempting to collect a student loan debt which Defendant knew (i) to be that of Plaintiff's brother and (ii) Plaintiff was no way a Debtor. The TCPA was enacted to prevent companies like Defendant from invading American citizens' privacy and prevent illegal robocalls.

Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff and the other members of the class and sub-class which Plaintiff seeks to represent provided prior express consent within the meaning of the Act. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Declaratory Ruling, 23 F.C.C. Rcd. 559, 565, para. 10 (2008) ("the 2008 TCPA Declaratory Ruling").

Each of the calls to which this Complaint pertains was made using an autodialer or automatic telephone dialing system as defined by the TCPA in 47 U.S.C. § 227(a)(1) in that the equipment used by Defendant had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. By using such equipment, Defendant was able to make calls to the wireless telephone numbers of the members of the class and subclass which Plaintiff seeks to represent automatically without human intervention.

The prohibition of 47 U.S.C. § 227(b)(1)(A)(iii) was "clearly established" when Defendant, its agents or persons acting on its behalf made the November 7, 2016, June 15, 2017, and July 17, 2017 calls to the cell phone number of Plaintiff and when Defendant, its agents or persons acting on its behalf made the calls to the cell phone numbers of the class and subclass members who Plaintiff seeks to represent. Assuming that Defendant was acting as a contractor of

the United States, in making any or all of the calls to the cell phone numbers of Plaintiff and the class and subclass members who Plaintiff seeks to represent, Defendant was acting contrary to and in violation of the instructions of the United States in violating and ignoring the prohibitions of § 227(b)(1)(A)(iii).

Defendant violated the TCPA with respect to the Plaintiff and the class and subclass that she seeks to represent. Additionally, Defendant willfully or knowingly violated the TCPA with respect to the Plaintiff and the class and subclass that she seeks to represent.

## Argument

**I.    The Class and Subclass Satisfy the Requirements for Class Certification**

**A.    Class and Subclass definitions**.

Plaintiff proposes the following class and subclass definitions, subject to amendment as appropriate:

### THE AUTODIALED CLASS

Each person or entity throughout the United States: (a) to whom Navient Solutions, LLC or any person acting as its agent or on its behalf (hereafter "Navient") made one or more telephone calls; (b) to a telephone number assigned to a cellular telephone service; (c) by using an Autodialer; (d) without the called party's prior express consent; (e) after Navient designated the telephone number to which it made the call(s) as that of someone who was related to or acquainted with or a neighbor of the Debtor whom Navient was seeking and not the actual Debtor himself/herself; (f) within four years preceding the filing of the Complaint in this matter or during its pendency.  Excluded from the class definition are (1) all persons or entities included within that class defined in the Final Approval Order (Dkt. # 177) in *Johnson v Navient Solutions, Inc.*, Case No.: 1:15-cv-0716 (S.D. Ind.); (2) any employees, officers, directors of Defendant, and any attorneys appearing in this case, and any judge assigned to hear this action.

### THE AUTODIALED SUBCLASS

Each person or entity throughout the United States: (a) to whom Navient Solutions, LLC or any person acting as its agent or on its behalf (hereafter "Navient") made one or more telephone calls; (b) to a telephone number assigned to a cellular telephone service; (c) by using an Autodialer; (d) without the called party's prior express consent;  (e) after

Navient designated the telephone number to which it made the call(s) as that of someone who was related to or acquainted with or a neighbor of the Debtor whom Navient was seeking and not the actual Debtor himself/herself; (f) within four years preceding the filing of the Complaint in this matter or during its pendency, (g) where Defendant or any person acting as its agent or on its behalf continued to call such person's cell phone number using an Autodialer after being instructed to stop calling. Excluded from the class definition are (1) all persons or entities included within that class defined in the Final Approval Order (Dkt. # 177) in *Johnson v Navient Solutions, Inc.*, Case No.: 1:15-cv-0716 (S.D. Ind.); (2) any employees, officers, directors of Defendant, and any attorneys appearing in this case, and any judge assigned to hear this action.

**B.     Rule 23 is Satisfied.**

All requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied with regard to the two (2) proposed classes. Each class is so numerous that joinder of all members is impractical. Fed. R. Civ. P. 23(a)(1).

Plaintiff does not currently know the exact number of Class members in each Putative Class, but reasonably believes Class members in each Putative Class number, at minimum, in the thousands. At this point, it is not necessary that the precise number of class members be known: "A class action may proceed upon estimates as to the size of the proposed class." *In re Alcoholic Beverages Litig.*, 95 F.R.D. 321, 324 (E.D.N.Y. 1982). The court may "make common sense assumptions in order to find support for numerosity." *Cannon v. Nationwide Acceptance Corp.*, No. 96 C 1136, 1997 U.S. Dist. LEXIS 3517, at *5-6, 1997 WL 139472, at *2 (N.D. Ill. Mar. 25, 1997) (quoting *Evans v. United States Pipe & Foundry*, 696 F.2d 925, 930 (11th Cir. 1983)). "[T]he court may assume sufficient numerousness where reasonable to do so in absence of a contrary showing by defendant, since discovery is not essential in most cases in order to reach a class determination . . . Where the exact size of the class is unknown, but it is general knowledge or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable." 2 *Newberg on Class Actions* (3d ed. 1992), §7.22.A.

There are questions of fact or law common to the each Class, which predominate over any questions affecting only individual members. Fed. R. Civ. P. 23(a)(2), Fed. R. Civ. P. 23(a)(3); see *Ira Holtzman, C.P.A., & Assocs. v. Turza*, Nos. 11-3188 & 11-3746, 2013 U.S. App. LEXIS 17811, at *3-4 (7th Cir. Ill. Aug. 26, 2013) ("Class certification is normal in litigation under §227, because the main questions . . . are common to all recipients"). These common questions include the following:

(a) Whether the calls made by or on behalf of Defendant to the cellular phone numbers of the Class and Sub-Class members were made using an Autodialer?

(b) Whether the calls made by or on behalf of Defendant to the cellular phone numbers of the Class and Sub-Class members were made for emergency purposes?

(c) Whether the Class and Sub-Class members provided prior express consent to Defendant to make or have made on its behalf each of the calls to their cellular phone numbers using an Autodialer?

(d) Whether Defendant's conduct violated 47 U.S.C. § 227(b)(1)(A)(iii)?

(e) Whether Defendant willfully or knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii)?

(f) Whether Plaintiff and the Class and Sub-Class members are entitled to a permanent injunction enjoining Defendant from making or having made on its behalf calls to cellular phone numbers using an Autodialer without the prior express consent of the called party?

Plaintiff's claims are typical of the claims of each Class and Sub-Class member. Plaintiff would only seek individual or actual damages if class certification is denied. In addition, Plaintiff is entitled to relief under the same causes of action and upon the same facts as the other members of the Class and Sub-Class.

Named Plaintiff has retained counsel experienced in handling class action claims

involving violations of federal consumer protection statutes, including claims under the TCPA.

A class action is a superior method for the fair and efficient adjudication of this case. Fed. R. Civ. P. 23(b)(3). The claims brought by Plaintiff are shared by thousands of consumers. Fed. R. Civ. P. 23(a)(3). The resolution of all claims held by members of the two (2) Classes in a single proceeding would promote judicial efficiency. Furthermore, members of the two (2) Classes may not be aware of their rights under the law to recover for Defendant's practices.

## Conclusion

Plaintiff respectfully requests that, unless this Court grant her Motion to Stay filed contemporaneously herewith, this Court certify the proposed Class and Subclass and appoint Consumer Legal Solutions, PC and Turner Law Offices, LLC as class counsel in this action.

This the 17th day of October, 2017.

                                               Respectfully submitted,

                                               **DENISE BAKER**

By:    /s/ William L. Downing
        William L. Downing, VSB 17704
        Attorney for Plaintiff
        CONSUMER LEGAL SOLUTIONS, PC
        1071 Bay Breeze Drive
        Suffolk, VA 23435
        Tel. 757-942-2554
        Email: wdowninglaw@aol.com

        Henry A. Turner (pro hac vice application pending)
        Attorney for Plaintiff
        TURNER LAW OFFICES, LLC
        403 W. Ponce de Leon Ave., Suite 207
        Decatur, GA 30030
        Tel. 404-378-6274
        Email: hturner@tloffices.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2017, I filed a true and correct copy of the foregoing document using the Court's CM/ECF system which will provide notice to all counsel of record

      /s/ William L. Downing
William L. Downing, Esq., VSB 17704
Attorney for Plaintiff
CONSUMER LEGAL SOLUTIONS, PC
1071 Bay Breeze Drive
Suffolk, VA  23435
Tel. 757-942-2554
Email: wdowninglaw@aol.com