IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| DENISE BAKER, for herself and on behalf of all similarly situated individuals, <br><br> Plaintiff, <br><br><br> v. <br><br> NAVIENT SOLUTIONS, LLC, <br><br> Defendant. | No. 1:17-cv-1160 (LMB/JFA) |

**DEFENDANT NAVIENT SOLUTIONS, LLC'S**
**<u>MEMORANDUM IN SUPPORT OF MOTION TO DEPOSIT FUNDS</u>**

## I.      INTRODUCTION

This is an action brought by plaintiff Denise Baker ("Baker"), on behalf of herself and a putative class and subclass, against defendant Navient Solutions, LLC ("NSL") for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").  The TCPA prohibits the use of an "automatic telephone dialing system" to make calls to cellular telephones without the recipient's "prior express consent."  Id. § 227(b)(1)(A)(iii).  A successful plaintiff may recover her "actual monetary loss" or $500 for each TCPA violation, "whichever is greater."  Id. § 227(b)(3).  Damages may be trebled, however, if "the defendant willfully or knowingly violated" the TCPA.  Id.

By this Motion, NSL respectfully requests the Court's leave to deposit $15,000 with the Clerk pursuant to Federal Rule of Civil Procedure 67(a), Eastern District of Virginia Local Civil Rule 67, and 28 U.S.C. § 2041.  Here, Baker seeks only statutory damages -- rather than actual damages -- for four calls supposedly made by NSL to her cellular phone in violation of the TCPA.  She also seeks "a permanent injunction restraining [NSL] from making or having made on its behalf any additional non emergency calls to cellular phones using an automatic telephone dialing system without first obtaining the prior express consent of the called party."  Accordingly, if successful in establishing willful or knowing violations of the TCPA, Baker can recover a maximum of only $6,000 in statutory damages, in addition to any prejudgment interest and costs of suit to which she might be entitled.  Thus, the $15,000 NSL seeks to deposit represents more than the maximum amount Baker can possibly recover on her individual monetary claims.

As explained in detail in the concurrently-filed Motion for Summary Judgment or, in the Alternative, Summary Adjudication (the "Summary Judgment Motion"), once permitted to deposit the $15,000 with the Court, NSL intends to seek an individual judgment in favor of Baker for that amount and a permanent injunction prohibiting NSL from calling her.  NSL, therefore, will unconditionally surrender on Baker's individual claims, with the class claims to be dismissed accordingly, without prejudice.

## II.      BACKGROUND

Baker filed her Class Complaint ("Complaint") on October 16, 2017, alleging a single count, on behalf of herself and a putative class and subclass of individuals, against NSL for violation of the TCPA.  Compl. (Dkt. #1) ¶¶ 88-99.  As relevant here, she prays for relief in the form of "statutory damages as provided for under 47 U.S.C. § 227(b)(3), trebled as may be appropriate" and "a permanent injunction restraining [NSL] from making or having made on its behalf any additional non emergency calls to cellular phones using an automatic telephone dialing system without first obtaining the prior express consent of the called party."[1]  Id. at 22, ¶¶ b.-c.  It is undisputed that NSL made only four calls to Baker on her cellular phone, on November 7, 2016, February 23, 2017, June 15, 2017 and July 17, 2017, respectively.  Joint Stip. of Uncontested Facts (Dkt. #31).  It is also undisputed -- indeed, Baker expressly admits -- that her "only claim for damages . . . is for statutory damages."  See Exhibit A (attached hereto), p. 4.

## III.     ARGUMENT

### A.       NSL Should Be Permitted To Deposit Funds Sufficient To Satisfy Baker's Individual Claim.

Federal Rule of Civil Procedure 67(a) provides in full[2]:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party--on notice to every other party and by leave of court--may deposit with the court all or part of the money or thing, whether or not that party claims any of it.  The depositing party must deliver to the clerk a copy of the order permitting deposit.

---

[1]      Baker also requests pre-judgment interest and costs of suit.  Compl. at 22, ¶¶ d.-f.

[2]      28 U.S.C. § 2041 provides:

> All moneys paid into any court of the United States, or received by the officers thereof, in any case pending or adjudicated in such court, shall be forthwith deposited with the Treasurer of the United States or a designated depositary, in the name and to the credit of such court.

> This section shall not prevent the delivery of any such money to the rightful owners upon security, according to agreement of parties, under the direction of the court.

The "circumstances in which a party might be allowed to deposit money with the court" under Rule 67 "are quite broad." Engineered Med. Sys., Inc. v. Despotis, No. 1:05-CV-0170-DFH-TAB, 2006 WL 1005024, at *3 (S.D. Ind. Apr. 14, 2006).

Here, NSL seeks to deposit $15,000 with the Court, which represents more than the maximum amount Baker can possibly recover on her individual monetary claims. Baker alleges that NSL violated the TCPA by making four calls to her cellular phone. And she has expressly admitted that she seeks only statutory -- rather than actual -- damages in this action. Thus, even assuming that Baker could prove NSL "willfully or knowingly violated" the TCPA in making the four calls, the most she can recover in statutory damages is $6,000. NSL seeks to deposit $15,000 with the Court -- and will thereafter seek entry of judgment in favor of Baker on her individual claim in that amount and a permanent injunction restricting NSL from calling her -- to remove any doubt that Baker might be entitled to any additional relief. Such amount, clearly, would also cover any pre-judgment interest and costs of suit to which Baker might be entitled. As set forth in the Summary Judgment Motion, once NSL has surrendered unconditionally on Baker's individual claim, dismissal of the class claims, without prejudice, will be appropriate.

## IV.    CONCLUSION

For the foregoing reasons, the Court should grant NSL's request to deposit $15,000 with the Clerk pursuant to Federal Rule of Civil Procedure 67(a).

Pursuant to L.R. 67, On May 2, 2018 and again on May 4, 2018, counsel for NSL, Lisa M. Simonetti,  attempted to confer with William L. Downing, counsel for Baker, via e-mail regarding the terms of the proposed order in support of this Motion.  Mr. Downing has not responded to Ms. Simonetti's emails.

Dated:  May 4, 2018

By: */s/ Margaret Inomata*
_____

Margaret Inomata (VA Bar No. 84007)
minomata@vedderprice.com
VEDDER PRICE P.C.
1401 I Street NW, Suite 1100
Washington, DC 20005
T:  +1 202 312 3320
F:  +1 202 312 3322

Lisa M. Simonetti (admitted *pro hac vice*)
lsimonetti@vedderprice.com
Christopher R. Ramos (admitted *pro hac vice*)
cramos@vedderprice.com
VEDDER PRICE (CA), LLP
1925 Century Park East, Suite 1900
Los Angeles, California 90067
T:  +1 424 204 7700
F:  +1 424 204 7702

*Attorneys for Defendant Navient Solutions, LLC*

- 4 -

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

**DENISE BAKER,**
*For herself and on behalf of all*
*similarly situated individuals*,

      **Plaintiff,**

**v.**                                      **Case No.: 1:17-cv-1160 (LMB/JFA)**

**NAVIENT SOLUTIONS, LLC**

      **Defendant.**

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S**
**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**
**WITHIN DEFENDANT'S NOTICE OF PLAINTIFF'S DEPOSITION**

Pursuant to Federal Rule of Civil Procedure 34 and United States District Court, Eastern

District of Virginia Local Civil Rule 26(C), Plaintiff Denise Baker ("Plaintiff") objects to the

First Set of Requests for Production of Documents (the "Requests") propounded by defendant

Navient Solutions, LLC ("Defendant") and contained within Defendant's Notice of Deposition of

Plaintiff, as follows:

**OBJECTIONS TO REQUESTS FOR PRODUCTION**

1.      Rule 34 (b)(2)(A) provides that the party to whom the request is directed must

respond in writing within 30 days after being served.  In this case, Defendant served the requests

as part of a Notice of Plaintiff's Deposition served on February 15, 2018, and requested that the

documents requested be produced at the deposition noticed for March 9, 2018.  Plaintiff objects

to each of the requests as the requested time of production allows only 22 days for Plaintiff to

respond and to produce the requested documents. *Van Scoy v. New Albertson's Inc.*, 2011 WL

1079914, *4, n.4 (E.D. Cal. 2011) ("Although Rule 30(b) by its terms provides only that

'reasonable' notice of a deposition has to be provided to the parties, when a deposition notice (like the notices at issue here) is accompanied by a production request, a minimum of 30 days' notice is required. Fed.R.Civ.P. 34(b)(2)(a); *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 479 (6th Cir.2010)).

2.      Plaintiff objects to Request No. 1, which seeks all non-privileged documents related to the claims asserted in this action, as overly broad.

3.      Plaintiff objects to Requests 2, 3, and 4 to the extent that those requests encompass any documents protected from disclosure by virtue of the attorney client privilege or the work-product doctrine.

## PLAINTIFF'S RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST NO. 1

All non-privileged documents related to the claims asserted in this action.

### RESPONSE

Plaintiff stands on her objection to this request.

### REQUEST NO. 2

All documents relied upon by Plaintiff in preparing for this deposition.

### RESPONSE

Plaintiff anticipates that she will review all of the documents produced as DB001- DB016 and attached to these responses in preparing for her deposition.  Plaintiff also anticipates that she will review her Complaint (ECF No. 1) and perhaps some of the documents produced by Defendant in response to Plaintiff's written discovery in this matter, all of which is already in Defendant's possession and therefore will not be produced.  If Plaintiff reviews any other documents in preparing for her deposition, they will be produced at her deposition.

**REQUEST NO. 3**

All documents that support the factual basis for the allegations in Plaintiff's Complaint (ECF No. 1).

**RESPONSE**

The documents produced as DB001- DB016 and attached to these responses support the factual basis for the allegations in Plaintiff's Complaint.

In addition, many of the documents produced by Defendant in response to Plaintiff's written discovery in this matter support the factual basis for the allegations in Plaintiff's Complaint.  These documents are already in Defendant's possession and therefore will not be produced.

The factual basis for the allegations in Plaintiff's Complaint is also supported by numerous documents available on line pertaining to the Interactive Intelligence/Genesys Interaction Dialer or the dialing system of which it is a part.  Those documents collected by Plaintiff's attorney that fall within this group of documents are listed below and will be produced as pdf attachments to one or more emails to Defendant's counsel, but without Bates numbering.

1. Genesys Advanced Campaign Management for Interaction Dialer, Overview Guide 2018 R1, last updated September 5, 2017;

2. Interactive Intelligence Dialer Manager, Printable Help 2016 R1, last updated October 27, 2015;

3. Genesys Interaction Dialer Manager, Printed Help 2018 R1, last updated October 31, 2017;

4. Interactive Intelligence Customer Interaction Center® with Polycom, Version 1.0, 12/21/2012;

5. Genesys Interaction Dialer, Installation and Configuration Guide 2017 R4, last updated September 1, 2017;

6.      Genesys Interaction Dialer, Installation and Configuration Guide 2018 R2, last updated December 12, 2017;

7.      Interactive Intelligence Interaction Dialer, Release Notes 2016 R2, last updated January 19, 2016; and

8.      Interactive Intelligence Sample Reports for Interaction Reporter, 2015 R2, February 9, 2015.

Finally, Plaintiff anticipates that she will be receiving additional documents from Genesys in response to Plaintiff's subpoena duces tecum that will support the factual basis for the allegations in Plaintiff's Complaint.

**REQUEST NO. 4**

All documents that support the factual basis and amounts of all damages Plaintiff claims to have suffered, including, but not limited to, statutory damages, actual damages, and mental and emotional damages.

**RESPONSE**

The only claim for damages made by Plaintiff in her Complaint is for statutory damages. The documents that support Plaintiff's claim for statutory damages are attached as DB001-DB016 and or are otherwise mentioned in Plaintiff's Response to Request No. 3. Plaintiff notes that the number of calls that Defendant made to her (which relates to the amount of her statutory damages) is identified in the native Excel file produced by Defendant as NSL_DB_216.

February 28, 2018                                    Respectfully submitted,


 /s/ William L. Downing
William L. Downing, Esq., VSB 17704
CONSUMER LEGAL SOLUTIONS, PC
1071 Bay Breeze Drive
Suffolk, VA  23435
Tel. 757-942-2554
Fax 757-942-2554

Email: wdowninglaw@aol.com.com

Henry A. Turner (appearing *pro hac vice* )
TURNER LAW OFFICES, LLC
403 W. Ponce de Leon Ave., Suite 207
Decatur, GA 30030
Tel.  404-378-6274
Fax. 404- 377-4776
Email: hturner@tloffices.com

***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2018, a true and correct copy of the foregoing was

served upon counsel for Defendant via email transmission (by agreement of counsel) at their

respective e-mail addresses shown below:

Margaret Inomata, VSB No. 84007
Vedder Price, PC
1401 I Street NW, Suite 1100
Washington, DC 20005
T: +1 202 312 3320
F: +1 202 312 3322
minomata@vedderprice.com

Lisa M. Simonetti, *pro hac vice*
Vedder Price (CA), LLP
1925 Century Park East, Suite 1900
Los Angeles, California 90067
T: +1 424 204 7700
F: +1 424 204 7702
lsimonetti@vedderprice.com

   /s/ William L. Downing
William L. Downing, VSB # 117704
Attorney for Plaintiff
Consumer Legal Solutions, PC
1071 Bay Breeze Drive
Suffolk, Virginia 23435
Phone: (757) 942-2554
Email: wdowninglaw@aol.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2018, I will electronically file the foregoing with the Clerk

of the Court using the CM/ECF system, which will then send a notification of such filing (NEF)

to the following:

William L. Downing
wdowninglaw@aol.com
CONSUMER LEGAL SOLUTIONS, PC
1071 Bay Breeze Drive
Suffolk, VA 23435

Henry A. Turner
hturner@tloffices.com
TURNER LAW OFFICES, LLC
403 W. Ponce de Leon Ave., Suite 207
Decatur, GA 30030

*Attorneys for Plaintiff Denise Baker*

By: */s/ Margaret Inomata* _____