## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

**DENISE BAKER,**
*For herself and on behalf of all*
*similarly situated individuals,*

      **Plaintiff,**

v.                                   **Case No.: 1:17-cv-1160 (LMB/JFA)**

**NAVIENT SOLUTIONS, LLC**

      **Defendant.**

## DECLARATION OF WILLIAM L. DOWNING

I, William L. Downing, declare as follows:

1.      I am a competent adult, over the age of eighteen, and this declaration is based on my personal knowledge.

2.      I am an attorney with Consumer Legal Solutions, P.C., located at 1071 Bay Breeze Drive, Suffolk, VA 23435. Together with Henry A. Turner of Turner Law Offices, LLC of Decatur, GA, I represent the plaintiff, Denise Baker, in the above-styled litigation and am working on her behalf and on behalf of the Class in this matter.

3.      I am writing this declaration in support of Plaintiff's Consent Motion for Preliminary Approval of the Class Action Settlement.

### Professional Background and Experience

4.      I am a graduate of Washington and Lee University School of Law where, in 1977. I received my juris doctorate degree with honors and was inducted into the Order of the Coif. I was admitted to the Virginia State Bar in 1978. From 1978 through 1984, I was a member in good standing of the Bar of the highest court of the Commonwealth of Virginia where I regularly

practiced with the law firm of Wilcox & Savage. In 1984, I moved to Louisiana, was admitted to the Louisiana State Bar, and was a member in good standing of the Bar of the highest court of that state from 1984 through 2008. My return to Louisiana (my birth state) was precipitated by the break-up of my father's firm in 1983. I practiced with him until his death in July 1985 and thereafter maintained my own law firm in Louisiana until June 2008.

5.  In July 2008, I returned to Virginia to practice law with Christopher Colt North, a law school class mate at Washington and Lee. I was employed by Mr. North and his firm, the Consumer and Employee Rights Law Firm, until July 2017. In August of 2017, I formed my own law firm, Consumer Legal Solutions, P.C. From 2008 to the present, I have been and am currently a member in good standing of the Bar of the Virginia Supreme Court. In addition, I am admitted to practice before, and am a member in good standing of the United States District Court for the Eastern District of Virginia. I have also been admitted *pro hac vice* before the United States District Court for the Middle District of North Carolina in 2013.

6.  Since returning to Virginia in 2008, the primary focus of my practice has been consumer litigation - with an emphasis on employment-related Fair Credit Reporting Act class actions and Telephone Consumer Protection Act lawsuits.

7.  From July 2008 through July 2017, I worked with Mr. North on the following Fair Credit Reporting Act class actions in which Mr. North served as one of the class counsel:

> a.  *Black, et al. v. Winn-Dixie Stores, Inc.*, Jacksonville, FL. Middle District of Florida, 3:09cv502. The §1681(b)(3)(A) class contains approximately 800 members, and the Defendant set up a fund in the amount of $385,000.00.
>
> b.  *Smith v. Staley, Inc.*, Knoxville, TN. Civil Action No. 3:08cv284. §1681(b)(3)(A) claim settled on a class basis. 56 class members received

2

$1,075.00 each.

c.      *Smith v. Talecris Biotherapeutics, Inc.*, Durham, NC. Civil Action No. 1:09cv153. §1681b(b)(3)(A) (pre-adverse action letter) 72 members received $1,000.00 each.

d.      *Daily, et al. v. NCO Financial Systems, Inc., et al.*, Richmond, VA. Civil Action No. 3:09cv031. There were 38,000 members in the 1681b(b)(2)(A) class (Subclass 1), and approximately 3,027 members in the 1681b(b)(3)(A) class (Subclass 2). $743,850 was placed in a Settlement Fund for Subclass 1 Members that submitted a Claim Form; $522,000 was paid to Subclass 2 Members. For the 1681b(b)(3)(A) class the settlement payment was up to $180.00 per class member by claim process with a fund cap equal to 15% of the class members (38,000.00 x .15 x $180 = $1,026,000.00). 1681b(b)(3)(A) class members received $300.00 each.

e.      *Anderson, et al. v. Signix, Inc. and National Notary Association*, Richmond, VA. Civil Action No. 3:08cv570. Approximately 16,000 §1681b(b)(2)(A) class members received $52.00 each in free annual dues or cash, and 450 members §1681b(b)(3)(A) class members received $250.00 each. The total settlement was $944,500.00.

f.      *Pitt v. K-mart & Sears*, Richmond, VA. Civil Action No. 3:11cv00697. §1681b(b)(3)(A) (pre adverse action letter). Approximately 63,000 class members shared in a $3 million dollar settlement ($30.00 each).

g.      *Marcum v. Dolgencorp, Inc., et al.*, Richmond, VA. Civil Action No. 3:12cv108. Pending. There were approximately 700,000 members in the §1681b(b)(2)(A) disclosure class (Subclasses 1 and 2), and approximately 112,000 members in the §1681b(b)(2)(A) pre-adverse action class (Subclasses 3 and 4). The parties reached a settlement of $4 million (approved by the Court).

h.      *Reardon v. ClosetMaid Corporation*, Pittsburgh, PA. Western District of Pennsylvania. Civil Action No. 2:08cv1730. After the Court granted Plaintiff's motion for class certification, the parties agreed to a settlement which the Court approved. The 1,800 class members in the §1681b(b)(2)(A) class received approximately $400.00 each.

i.      *Ryals v. Strategic Screening Solutions, Inc., et al.* Richmond, VA. Civil Action No. 3:14cv643. The parties reached a settlement of $1,600,000.00, including$5,260.00 to 19 people in the §1681c class and $36.80 to each of

3

the 23,600 class members in the §1681k class.

j.   *Ryals, et al. v. HireRight Solutions, Inc.* Richmond, VA. Eastern District of Virginia. Civil Action No. 3:09cv625. This case included claims under §1681k, §1681i(a) and §1681e(b) with hundreds of thousands of members; also included was an "actual damages claims" settlement class with twenty-one thousand people, the settlement fund was $28,375,000.00. The large class received checks between $10.00-$50.00 depending on various factors. Another group of class members received $134.00 if they did nothing, but $4,400.00 each if they completed a two-page claim form which requested certain personal information and confirmation of their damages.

k.   *Henderson v. Verifications, Inc.* Civil Action No. 3:11cv514. The FCRA claims involved 15 U.S.C. §1681i and §1681k and were settled for $3,750,000.00 ($2,840,000.00 for the §1681k Settlement Fund, $160,000.00 for the §1681i Settlement Fund, and $750,000.00 for the Actual Claims Damages Fund).

l.   *Henderson, et al. v. Acxiom Risk Management, Inc., et al.* Richmond, VA. Civil Action No. 3:12cv589. Claims include §1681k (at the time notice not sent) and §1681i (failure to timely reinvestigate consumer dispute). A settlement of $20,800,000.00 was approved.

8.   Since July 2008, I have served as co-class counsel with Mr. North and others in the following consumer litigation class actions:

a.   *Manuel v. Wells Fargo Bank, N.A..* Richmond, VA. Civil Action No. 3:14cv238. Class claims include FCRA, 15 U.S.C. § 1681b(b)(2)(A)(i) and (ii) requiring a clear and conspicuous disclosure that a consume report may be obtained for employment purposes and the consumer's authorization in writing to procure same; and 15 U.S.C. § 1681b(b)(3)(A)(i) and (ii) requiring the employer to provide a copy of the consumer report and the written description of FCRA rights to the applicant before taking an adverse action. A settlement of $12 million was approved on March 15, 2016. A check for $35.00 was mailed to approximately 235,000 people in the "non-disclosure" class. A check for $75.00 was mailed to approximately 220,000 people in the "adverse action" class..

b.   *Thomas v. FTS USA, LLC, et al.* Richmond, VA.  Civil Action No. 3:13cv825. The parties reached a settlement of $1,300,000.00 including

4

$50.00 to each of the 7,000 individuals in the §1681b "impermissible use" class and $250.00 to each of the 1,200 members of the §1681 "adverse action" class. (Final approval and dismissal on March 27, 2017).

9.    Since July, 2008, I have served as co-counsel in the following individual TCPA cases, all of which were settled on a confidential basis: *Donnel v. Barclays Bank Delaware*, Eastern District of Virginia, Newport News Division, Civil Action No. 4:09cv131; *Beiler v. FIA Card Servs., N.A.*, Middle District of North Carolina, Durham Division, Civil Action No. 1:3cv866; *Beiler v. Fifth Third Bank*, Middle District of North Carolina, Durham Division, Civil Action No. 1:3cv867; *Beiler v. GC Servs., LP*, Middle District of North Carolina, Durham Division, Civil Action No. 1:3cv869; *Beiler v. GE Capital Retail Bank*, Middle District of North Carolina, Durham Division, Civil Action No. 1:3cv870; and *Beiler v. Pentagon Federal Credit Union*, Middle District of North Carolina, Durham Division, Civil Action No. 1:3cv871.

10.    Since July 2008, I also served as co-class counsel in *Hooker v. Sirius XM Radio, Inc.*, Richmond, VA. Civil Action No. 4:13-cv-00003, a TCPA case involving a class of 12 million consumers to whom telemarketing calls were made using an automatic telephone dialing system ("ATDS"). The case settled for $35 million in cash and $7 million in services for those class members who elected to receive three months of free satellite radio programming (total value $42 million). Final approval was granted on December 22, 2016.

### Efforts of Denise Baker on behalf of the Class

11.    The efforts of Denise Baker on behalf of the Class have been recounted in her declaration and will not be repeated herein. However, I can attest to the accuracy and truthfulness of Ms. Baker's declaration as I have witnessed first hand her active involvement in this case from her providing me with the information and documents required for the drafting of

the complaint, gathering documents at my request responsive to NSL's document request, preparing for her deposition, and participating in the mediation that led to the Settlement Agreement now before this Court. Throughout, Ms. Baker has been actively engaged and involved in this case for the benefit of the Class and has taken her fiduciary duties to the Class to heart throughout.

### The Settlement Achieved in this Case

12.     After eight months of litigation, counsel for the parties reached a settlement of the TCPA class claim brought by Plaintiff against Defendant Navient Solutions, LLC. ("NSL") following contentious, arm's-length negotiations. Based upon my experience, and a thorough study an Excel spreadsheet concerning over 100 TCPA settlements prepared by me in the recent *Sirius XM* case, it is my professional opinion that the settlement reached in this case is fair, reasonable, adequate and an excellent result for the Class.

13.     Plaintiff diligently pursued discovery in this case, taking 7 depositions, including the three NSL call center employees who called Ms. Baker, two NSL Rule 30(b)(6) corporate representatives, the Rule 30(b)(6) corporate representative of the manufacturer of the dialer that was used by NSL to call Ms. Baker and the class members, and NSL's expert, Ray Horak. Plaintiff's counsel also defended the deposition of Ms. Baker.

14.     Plaintiff also engaged in extensive written discovery, propounding 25 interrogatories, 163 requests for admission, and 69 request for production of documents resulting in the production and review of over 7,600 pages of documents. Plaintiff also responded to and produced relevant documents pursuant to a request for production of documents propounded by NSL in connection with the taking of Ms. Baker's deposition.

6

15.     The parties also engaged in significant motion practice before the mediation and settlement.  To protect against any attempt by NSL to moot the class action by picking off Ms. Baker as the class representative, simultaneously with the filing of the Complaint Plaintiff filed a placeholder motion for class certification and memorandum in support, accompanied by a motion to stay further briefing and the hearing pending discovery,  The motion to stay was granted by this Court on October 18, 2018.  Upon the completion of discovery and following the final pretrial conference, on May 4, 2018, NSL filed a Motion to Deposit Funds into the Registry of the Court as the first step of a multi-step process to attempt to moot plaintiff's claim.  That same day, NSL also filed  its Motion for Summary Judgment, or in the Alternative Summary Adjudication, asserting among other things that Plaintiff's claim had failed create an issue of genuine fact as to whether the calls to Plaintiff and the class members had been made using an ATDS.  Both motions were fully briefed as of June 1, 2018.

16.     On June 4, 2018, the parties met in Washington, D.C. for mediation.  The settlement was reached only after good-faith, contentious, arms-length negotiations which occurred under the direction of the Honorable Diane M. Welsh (ret), a former United States Magistrate Judge and a well known and experienced private mediator affiliated with the JAMS organization. The parties exchanged detailed pre-mediation briefs which supplemented their recently completed motions briefing in setting forth the parties' respective positions.  At the mediation, the parties reached an agreement for the settlement of the class claims asserted by Plaintiff.

17.     The settlement reached at the June 4 mediation has since been memorialized in the formal written Settlement Agreement and Release ("Settlement Agreement") executed by the

parties and their counsel on June 19, 2018. A copy of the Settlement Agreement (including all exhibits thereto) is attached as **Exhibit 1** to this declaration. Since the June 4 mediation, NSL has been assembling a list of settlement class members for the purpose of providing notice of the settlement and the parties have, subject to Court approval, engaged a settlement administrator.

18.     The parties have agreed that Rust Consulting ("Rust") will serve as Settlement Administrator, subject to Court approval. Rust was selected through a competitive bidding process in which the parties solicited and compared bids from three nationally recognized settlement administrators. Rust has extensive experience administering large class action settlements like this one.

19.     The Settlement Agreement provides for a settlement Fund of $2.5 million. With an estimated Class size of 300,000, this equates to a gross of $8.33 per class member, before the payment of the Settlement Administration Costs, Class Counsel's attorneys' fees and expenses, and the class representative service fee. This compares most favorably with the per class member award in other approved large TCPA settlements. *See Hooker v. Sirius XM Radio, Inc.*, No. 4:13-CV-003, 2017 WL 4484258 (E.D. Va. May 11, 2017) (approximately $3 per settlement class member); *Martinez v. Medicredit, Inc.*, No. 4:16CV01138 ERW, 2018 WL 2223681, at *1 (E.D. Mo. May 15, 2018) (approximately $7.97 per settlement class member); *James v. JPMorgan Chase Bank, N.A.*, No. 8:15-CV-2424-T-23JSS, 2017 WL 2472499, at *1 (M.D. Fla. June 5, 2017) (approximately $5.50 per settlement class member); *Gutierrez-Rodriguez v. R.M. Galicia, Inc.*, No. 16-CV-00182-H-BLM, 2018 WL 1470198, at *1 (S.D. Cal. Mar. 26, 2018) (approximately $24.22 per settlement class member); *Gehrich v. Chase Bank USA, N.A.*, 316 F.R.D. 215, 227 (N.D. Ill. 2016) (approximately $1 per settlement class member); *Prater v.*

*Medicredit, Inc.*, No. 14-00159, 2015 WL 8331602 (E.D. Mo. Dec. 7, 2015) (approximately $10

per settlement class member); *Malta v. Fed. Home Loan Mortg. Corp.*, No. 10-cv-1290, 2013

WL 444619 (S.D. Cal. Feb. 5, 2013) (approximately $4 per settlement class member). *See also*

*Picchi v. World Fin. Network Bank*, No. 11-CV-61797 (S.D. Fla.) (approximately $3 per

settlement class member); *Duke v. Bank of Am., N.A.*, No. 5:12-cv-04009-EJD (N.D. Cal.)

(approximately $4 per settlement class member); *Connor v. JPMorgan Chase Bank*, No. 10 CV

1284 DMS BGS (S.D. Cal.) (approximately $5 per settlement class member); *Wilkins v. HSBC*

*Bank Nev., N.A.*, No. 14-cv-190 (N.D. Ill.) (approximately $5 per settlement class member); *In re*

*Capital One Tel. Consumer Prot. Act Litig.*, No. 12-cv-10064, MDL No. 2416 (N.D. Ill.)

(approximately $5 per settlement class member).

      20.     Under the Settlement Agreement, Class members who submit valid and timely

claims will share in the pro-rate distribution of the $2.5 million Fund, after payment of the

Settlement Administration Costs, Class Counsel's attorneys' fees and expenses, and the class

representative service fee, all as approved by this Court. Based upon the size of the Fund, the

number of Class members, and Class Counsel's experience with and knowledge of claims rates

in similar settlements, the per claimant award is expected to be approximately $50, although the

actual amount is dependent on a number of factors and may he higher or lower.

      21.     I believe strongly in the value of this case. I nevertheless recognize that continued

litigation would present the Class with a number of challenges, and I appreciate the risk that NSL

might prevail on one of its many asserted defenses, in its pending motions (Dkt. ## 39 - 42) and

in its anticipated defenses to class certification. While I disagree with NSL's arguments, I

understand that they pose a real risk to the class particularly in view of the recent decision in

*ACA Int'l v. FCC*, 885 F.3d 687 (D.C. Cir. March 16, 2018) which has created uncertainty and disagreement among those district courts that have considered the issue of the continued viability a 2003 TCPA Order and a 2008 TCPA Declaratory Ruling of the FCC upon which Plaintiff's case heavily rely.

22.     If this case were to continue, trial and trial preparation would be time consuming and costly.  The parties would need to engage in considerable work with their witnesses to prepare for trial.  In addition, further motion practice, including the motion for class certification and motions *in limine*, would be a certainty.  Considering the likelihood that NSL would appeal any judgment in favor of the Class, it could easily be years before this case would be fully resolved.

23.     Given the complexity of this litigation, the significant risks and delay that the Class would face if the relevant claims were to proceed, and the uncertainty created by the *ACA International* decision, I believe that the settlement represents an excellent result for the Settlement Class members.

24.     Neither my firm nor I have any interest adverse to, or in conflict with, those of the putative Class in this action.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the forgoing is true and correct.

Dated: June 19, 2018                     /s/ *William L. Downing*
                                         William L. Downing

# __Exhibit 1__

Settlement Agreement

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement" or "Settlement") is made by and between plaintiff Denise Baker ("Plaintiff") for herself and the Settlement Class (as defined below), on the one hand, and Navient Solutions, LLC ("NSL"), for itself and the Released Parties (as defined below), on the other hand. NSL, Class Counsel (as defined below) and Plaintiff hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and upon entry by the Court (as defined below) of a Final Approval Order (as defined below), all claims of Plaintiff and the Settlement Class Members (as defined below) in the action entitled <u>Denise Baker v. Navient Solutions, LLC</u>, United States District Court, Eastern District of Virginia, Alexandria Division (the "Court"), Case No. 1:17-cv-1160 (LMB/JFA) ("<u>Baker</u>"), shall be settled, compromised and released upon the terms and conditions contained herein.

## I.    RECITALS

This Agreement is made with reference to and in contemplation of the following facts and circumstances:

A.    <u>Baker</u> was filed on October 16, 2017. Baker was listed as a credit reference on an NSL's borrower's student loan application, and NSL subsequently called Baker's cellular telephone, using a dialing process that it contends is manual, in connection with efforts to locate that borrower. Baker alleges that NSL violated the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227, <u>et seq.</u>, in making these calls because the dialing technology allegedly constitutes an automatic telephone dialing system ("ATDS"), within the meaning of the TCPA, and NSL did not have the requisite prior express consent to call her.

B.    Baker believes that the claims asserted in the Action have merit. This Settlement in no event is to be construed or deemed to be evidence of or an admission or concession on the part of Baker that there is any infirmity in the claims asserted by Baker or that there is any merit whatsoever to any of the contentions and defenses that NSL has or would have asserted.

1

C.     NSL vigorously denies all claims asserted in the Action and denies all allegations of wrongdoing and liability and, in particular, that the calls at issue were made using an ATDS. This Settlement in no event is to be construed or deemed to be evidence of or an admission or concession on the part of NSL that there is any infirmity in the defenses that it has asserted or would have asserted or that there is any merit whatsoever to any of the allegations that Baker asserts. NSL desires to settle the Action on the terms set forth herein solely for the purpose of avoiding the burden, expense, risk and uncertainty of continuing these proceedings.

D.     This Agreement resulted from and is the product of good faith, arm's length negotiations. In particular, the Parties (as defined below) participated in mediation before the Honorable Diane M. Welsh (Ret.) of JAMS on June 4, 2018, to reach a resolution of the Action.

E.     Plaintiff and Class Counsel have investigated the facts and law underlying the claims asserted in the Action, including through extensive discovery. The Parties also have engaged in significant motion practice with respect to summary judgment.

F.     As a result of these efforts, the Parties entered into this Agreement, subject to preliminary approval and final approval by the Court, as required by Federal Rule of Civil Procedure 23, to fully, finally and forever resolve, discharge and release all rights and claims of Plaintiff and the Settlement Class Members in exchange for NSL's agreement to pay the sum of Two Million, Five Hundred Thousand Dollars ($2,500,000).

G.     Based on the investigation and the negotiations described above, Class Counsel have concluded, taking into account the sharply contested issues involved, the risks, uncertainty and cost of further prosecution of this litigation, and the substantial benefits to be received by persons in the Settlement Class pursuant to this Agreement, that a settlement with NSL and on the terms set forth herein is fair, reasonable, adequate and in the best interests of the Settlement Class.

H.     The Parties understand, acknowledge and agree that the execution of this Agreement constitutes the settlement and compromise of disputed claims. This Agreement is inadmissible as evidence against any party except to enforce the terms of the Settlement and is

not an admission of wrongdoing or liability by NSL. It is the Parties' desire and intention to effect a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein.

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt of which is hereby mutually acknowledged, Plaintiff and NSL agree to the Settlement, subject to approval by the Court, as follows:

## II.   DEFINITIONS

A.   In addition to the terms defined elsewhere within this Agreement, the following defined terms apply throughout this Agreement and the attached exhibits:

1.   "Account" means the account to be established consistent with the terms and conditions described in Section III.C. of this Agreement. The Account shall be held at a bank to be selected by Class Counsel and NSL, in conjunction with the Settlement Administrator.

2.   "Action" means <u>Baker.</u>

3.   "CAFA Notice" refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

4.   "Claim Form" means the claim form to be submitted by Settlement Class Members, subject to approval by the Court, substantially in the form attached hereto as Exhibit A.

5.   "Claim Period" means the period of time between the date of Preliminary Approval and the Opt-Out and Objection Deadline (as defined below).

6.   "Class Counsel" means William L. Downing, Esq., Consumer Legal Solutions, PC, and Henry A. Turner of Turner Law Offices, LLC.

7.   "Class Notice" means all types of notices that will be provided to the Settlement Class, pursuant to Section III.E. of this Agreement, including Mail Notice, Publication Notice, Website Notice and any additional notice that might be ordered by the Court.

8.    "Class Period" means the period from October 16, 2013 through [entry of Preliminary Approval Order].

9.    "*Cy Pres* Distribution" means monies that may be distributed in connection with the Settlement, pursuant to Section III.F.7. of this Agreement.

10.    "Effective Date" means the fifth business day after the last of the following dates:

        a.    All Parties, NSL's Counsel and Class Counsel have executed this Agreement;

        b.    The Court has entered, without material change, the Final Approval Order; and

        c.    The final disposition of any related appeals, and in the case of no appeal or review being filed, expiration of the applicable appellate period.

11.    "Final Approval Hearing" means the date of the hearing when the Court considers the Parties' request to enter the Final Approval Order granting final approval to the Settlement and determining the amount of fees, costs and expenses awarded to Class Counsel and the amount of the Service Award to Baker.

12.    "Final Approval Order" or "Final Approval" means the order and judgment that the Court enters upon finally approving the Settlement in connection with the Final Approval Hearing, the proposed form of which is attached hereto as Exhibit B.

13.    "Fund" means the total cash sum of Two Million, Five Hundred Thousand Dollars ($2,500,000) to be paid pursuant to Section III.F.1. of this Agreement.

14.    "NSL's Counsel" means Lisa M. Simonetti of Vedder Price (CA), LLP.

15.    "Mail Notice" means the notice that will be provided pursuant to Section III.E.1. of this Agreement, subject to approval by the Court, substantially in the form attached hereto as Exhibit C.

16.     "Notice" or "Notice Program" means the methods provided for in this Agreement for giving notice of the Settlement and includes the Mail Notice, Publication Notice and Website Notice.

17.     "Parties" means Baker and NSL.

18.     "Preliminary Approval" means the date that the Court enters, without material change, the Preliminary Approval Order.

19.     "Preliminary Approval Order" means the order that the Court enters upon preliminarily approving the Settlement, the proposed form of which is attached hereto as Exhibit D.

20.     "Publication Notice" means the notice that will be provided pursuant to Section III.E.2. of this Agreement, subject to approval by the Court, substantially in the form attached hereto as Exhibit E.

21.     "Released Claim" or "Released Claims" means all rights, duties, obligations, claims, actions, causes of action or liabilities, whether arising under local, state or federal law, whether by Constitution, statute, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory as of the date of the Final Approval Order: (a) that arise out of or are related in any way to the use by NSL of an "automatic telephone dialing system" to make calls to a cellular telephone (to the fullest extent that this term is used, defined or interpreted by the TCPA, relevant regulatory or administrative promulgations and case law) in connection with efforts to contact or attempt to contact Settlement Class Members, including, but not limited to, claims under or for violations of the TCPA, and any other statutory or common law claim arising from the use of automatic telephone dialing systems, including any claim under or for violation of federal or state unfair and deceptive practices statutes, violations of any federal or state debt collection practices acts (including, but not limited to, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.),

invasion of privacy, conversion, breach of contract, unjust enrichment, specific performance and/or promissory estoppel; or (b) that arise out of or relate in any way to the administration of the Settlement.

22.     "Released Parties" means NSL, together with all of its members, owners, shareholders, predecessors, successors and assigns; the past, present and future, direct and indirect, parents (including, but not limited to holding companies) and subsidiaries of any of the above; and the past, present and future principals, trustees, partners, insurers, officers, directors, employees, agents, vendors, independent contractors, advisors, attorneys, members, owners, shareholders, predecessors, successors, assigns, representatives, heirs, executors and administrators of any of the above.

23.     "Releases" means all of the releases contained in Section III.H. of this Agreement.

24.     "Releasing Parties" means Baker and each and all Settlement Class Members, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest and assigns, as set forth in Section III.H. of this Agreement.

25.     "Service Award" means an incentive award for Baker, as set forth in Section III.J. of this Agreement.

26.     "Settlement Administrator" means Rust Consulting, subject to approval by the Court.

27.     "Settlement Award" means a cash payment to an eligible Settlement Class Member pursuant to Section III.F.5. of this Agreement.

28.     "Settlement Class" means: Each person throughout the United States who was: (1) listed as a credit reference on a student loan application; and (2) called by NSL on a cellular telephone number using dialing technology manufactured and/or licensed by Interactive Intelligence. Excluded from the class definition are: (1) persons who were listed as credit references on student loan applications and who also have student loans serviced by NSL; (2)

persons or entities included within the class defined in the Final Approval Order (Dkt. # 177) in Johnson v Navient Solutions, Inc., Case No.: 1:15-cv-0716 (S.D. Ind.); and (3) any employees, officers or directors of NSL, any attorneys appearing in this case and any judge assigned to hear this action. NSL represents that there are approximately 300,000 persons in the Settlement Class.

29.    "Settlement Class Member" means any person in the Settlement Class who does not request exclusion from the Settlement.

30.    "Settlement Administration Costs" means (a) all costs of printing and providing notice to persons in the Settlement Class, including, but not limited to, costs for performing reverse lookups of cellular telephone numbers for purposes of securing address information, Mail Notice, Publication Notice, Website Notice and any additional notice that might be ordered by the Court); (b) all costs of administering the Settlement, including, but not limited to, the cost of printing and mailing Settlement Awards and other payments; and (c) the fees, expenses and all other costs of the Settlement Administrator.

31.    "Website Notice" means the website notice provided pursuant to Section III.E.3. of this Agreement, in the form attached hereto as Exhibit F. The Website Notice will be posted on the "Settlement Website," which shall be established by the Settlement Administrator.

B.    Capitalized terms used in this Agreement but not defined above shall have the meaning ascribed to them in this Agreement, including the attached exhibits.

## III.    **TERMS OF SETTLEMENT**

A.    Conditional Certification of the Settlement Class.  Solely for the purposes of settlement, providing Class Notice and implementing this Agreement, the Parties agree to conditional certification of the Settlement Class in the Action. If the Settlement is not finalized or finally approved by the Court for any reason whatsoever, the certification of the Settlement Class is voidable by any party, and no doctrine of waiver, estoppel or preclusion will be asserted in any litigated certification proceedings in the Action. No agreements, documents or statements made by or entered into by any party in connection with the Settlement may be used by Baker,

7

any person in the proposed Settlement Class, NSL, any person within the definition of "Released Parties" or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Action or in any other proceeding.

B.    Preliminary Approval.

1.    Preliminary Approval Motion. Baker will move the Court for entry of the Preliminary Approval Order. The Preliminary Approval Order shall specifically include provisions that: (a) preliminarily approve the Settlement reflected herein as fair, adequate and reasonable to the Settlement Class, and within the reasonable range of possible final approval; (b) conditionally certify the Settlement Class for settlement purposes only and appoint Class Counsel as counsel for the Settlement Class for settlement purposes only; (c) approve the forms of Class Notice and find that the Notice Program constitutes the best notice practicable under the circumstances, provides due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (d) direct that notice be provided to the Settlement Class, in accordance with this Agreement, within 90 days following entry of the Preliminary Approval Order (the "Notice Deadline"); (e) establish a procedure for persons in the Settlement Class to object to the Settlement or exclude themselves from the Settlement Class, and set a date 60 days after the Notice Deadline, after which no one shall be allowed to object to the Settlement or exclude himself or herself from the Settlement Class (the "Opt-Out and Objection Deadline"); (f) pending final determination of whether the Settlement should be approved, bar and enjoin, in accordance with applicable law, all non-excluded persons in the Settlement Class, directly, on a representative basis or in any other capacity, from commencing or prosecuting against any of the Released Parties any action, arbitration or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims; (g) pending final determination of whether the Settlement should be approved, stay all proceedings in the Action except those related to effectuation of the Settlement; and (h) schedule a hearing on Final Approval of the Settlement, which shall be scheduled no earlier than sixty (60) days after

the Opt-Out and Objection Deadline and no earlier than ninety (90) days after CAFA Notice is served .

      2.     <u>Stay/Bar of Proceedings</u>.  All proceedings in the Action will be stayed following entry of the Preliminary Approval Order, except as may be necessary to implement the Settlement or comply with the terms of the Settlement.  Pending determination of whether the Settlement should be granted Final Approval, the Parties in the Action agree not to pursue any claims or defenses otherwise available to them, and no non-excluded person in the Settlement Class and no person acting or purporting to act directly or derivatively on behalf of a person in the Settlement Class, or acting on a representative basis or in any other capacity on behalf of a person in the Settlement Class, will commence or prosecute against any of the Released Parties any Action or proceeding asserting any of the Released Claims.  The Preliminary Approval Order will contain an injunction, in accordance with applicable law, enjoining the commencement or prosecution of the Released Claims by non-excluded Settlement Class Members.  The Settlement will be conditioned upon the entry of such an injunction in both the Preliminary Approval Order and the Final Approval Order.

      C.     <u>The Account</u>.

      1.     <u>The Account</u>.  NSL shall pay the invoices submitted by the Settlement Administrator prior to the Effective Date (which amounts are included within the definition of the Fund) and deposit the remainder of the Fund into the Account within fourteen (14) days of the Effective Date.  With the consent of the Parties, the Settlement Administrator shall have the ability and the authority thereafter to withdraw from the Account those amounts necessary to effectuate the Settlement.

      2.     <u>Termination</u>.  In the event that the Settlement is not approved, or is terminated, canceled or fails to become effective for any reason, the amounts remaining in the Account (including accrued interest) shall be returned to NSL.

      D.     <u>Settlement Administrator</u>.  The Settlement Administrator shall administer the Notice Program and Settlement Award distribution process.  NSL will reasonably cooperate in

the notice and administration process by providing the Settlement Administrator, on a confidential basis and within 60 days of the entry of the Preliminary Approval Order, with the names, addresses and telephone numbers associated with the Settlement Class (as reflected in reasonably available computerized records of NSL).

      E.     <u>Settlement Notice Program</u>. The Settlement Administrator, as specified below, shall provide Class Notice in the forms approved by the Court, as detailed below, within 90 days following entry of the Preliminary Approval Order (i.e., the Notice Deadline, as defined):

      1.     <u>Mail Notice</u>. The Settlement Administrator will provide the Mail Notice to all persons in the Settlement Class who can reasonably be identified and for whom address information can be secured, including through a reverse lookup process, as necessary. A National Change of Address update shall be performed before mailing. Skip tracing shall be performed for all returned direct mail, and all costs of skip tracing will be considered Settlement Administration Costs. The Mail Notice shall include a tear-off claim form, and also shall direct recipients to the Settlement Website for additional information or to submit a claim online.

      2.     <u>Publication Notice</u>. The Settlement Administrator will publish notice of the Settlement in two separate national editions of USA Today and one national edition of the U.S. Wall Street Journal.

      3.     <u>Website Notice</u>. The Settlement Administrator will establish and maintain the Settlement Website, on which will be posted the Website Notice, a copy of this Agreement, the Preliminary Approval Order and any other materials that the Parties agree to include or the Court directs the Parties to include. These documents shall be available on the Settlement Website beginning 15 days following Preliminary Approval and remain at least until Final Approval. The Settlement Administrator shall secure a URL for the Settlement Website proposed by Class Counsel and approved by NSL—www.BakerTCPAsettlement.com. The Settlement Website shall not bear or include NSL's name, logo or trademarks, or those belonging to any companies affiliated with NSL. Ownership of the Settlement Website URL shall be transferred to NSL within 10 days after operation of the Settlement Website ceases.

4.    Toll-Free Telephone Number.    The Settlement Administrator will establish and maintain a toll-free telephone number that persons in the Settlement Class may call to receive more information regarding the Settlement.  The Mail Notice shall inform persons in the Settlement Class of the toll-free number.  The toll-free number will be established no later than 15 days following entry of the Preliminary Approval Order and is to remain active at least until the date of the Final Approval Hearing.

5.    CAFA Notice.  NSL is responsible for timely compliance with all CAFA notice requirements.

F.    Settlement Consideration.

1.    The Fund.  As consideration for the Settlement, Defendant will pay the cash sum of $2,500,000 (as defined above, the "Fund").  Any award of attorneys' fees and costs, any Service Award and the Settlement Administration Costs shall be deducted from the Fund prior to distribution to the Settlement Class Members.   Following those deductions, the remaining amount will be distributed *pro rata* to those Settlement Class Members who have submitted valid and timely Claim Forms.  Under no circumstances shall any of the Fund be returned or revert back to NSL, except in the event that the Settlement is not approved, or is terminated, canceled or fails to become effective for any reason as provided in Section IV.A.

2.    Conditions for Claiming Settlement Awards.  To make a claim for a Settlement Award, a Settlement Class Member must submit a valid and timely Claim Form to the Settlement Administrator.  The Claim Form may be submitted to the Settlement Administrator by mail to a designated post office box or via the Settlement Website.   The Settlement Administrator will have no obligation to honor any Claim Form or information not submitted by mail to the designated post office box or via the Settlement Website.

To be valid, the Claim Form must include:  (a) the Settlement Class Member's full name and address; (b) certification that, between October 16, 2013 and the date of Preliminary Approval, the Settlement Class Member received a telephone call from NSL; (c) for mailed Claim Forms, the Settlement Class Member's signature; and (d) for Claim Forms

submitted via the Settlement Website, the Settlement Class Member's electronic signature and address. Only one valid Claim Form will be honored per Settlement Class Member, regardless of the number of telephone calls directed to the Settlement Class Member.

3.      Time to Submit a Claim for a Settlement Award.  In order to be deemed timely, Claim Forms and all required information must be submitted via the Settlement Website or by mail by the last date of the Claim Period, which will be specified in the Claim Form. Claim Forms submitted by mail must be postmarked by that date. The Settlement Administrator will have no obligation to honor any Claim Form or information submitted via the Settlement Website or postmarked after the end of the Claim Period, even if such Claim Form or information otherwise would be valid.

4.      Review of Approved or Denied Claims.  Each Settlement Class Member who makes a timely claim will have his or her claim reviewed by the Settlement Administrator. The Settlement Administrator will advise the Parties, at a minimum, on a weekly basis of the claims that are approved and denied. Each party is entitled to contest the denial of any claim, first through a meet and confer with the Settlement Administrator and the other party, and then, if they are unable to resolve the issue, the party contesting the denial may seek a resolution from the Court. To the extent possible, the Parties and the Settlement Administrator will attempt to resolve any issues regarding denied claims prior to the Final Approval Hearing. However, if any disputed claim denials are unresolved at the time of the Final Approval Hearing, that will not prevent the Final Approval Hearing from going forward, with the issues to be resolved at a later date, but within 60 days of the entry of any order regarding the Final Approval Hearing, including any order for final approval of the settlement.

5.      Distribution of Settlement Awards.  Within 30 days after the Effective Date, Settlement Awards shall be mailed by the Settlement Administrator to Settlement Class Members who have submitted approved claims. The Settlement Administrator shall mail, by first class mail, a check to each claiming Settlement Class Member. No skip tracing or re-mailing of returned mail will be required. All checks for Settlement Awards will be valid for

12

120 days from the date on the check. To the extent monies remain in the Fund after 120 days have passed from the date on the checks mailed to claiming Settlement Class Members, then the remaining monies in the Fund (less the Settlement Administration Costs associated with a second distribution) shall be distributed to those claiming Settlement Class Members whose prior check(s) were cashed provided that the amount of the second distribution to such Settlement Class Members would be at least $5 after deducting the costs associated with such a distribution,

6.     Taxes. Any person who receives a distribution from the Fund will be solely responsible for any taxes or tax-related expenses owed or incurred by that person by reason of that distribution.

7.     _Cy Pres_ Distribution. To the extent monies remain in the Fund after 120 days have passed from the date on the checks mailed to Settlement Class Members, and the remaining monies in the Fund would not allow for a second distribution of at least $5 to each Settlement Class Member after deducting the costs associated with such a distribution, such money remaining in the Fund will comprise the _Cy Pres_ Distribution. To the extent a second distribution is made to Settlement Class Members, any remaining monies in the Fund after 120 days have passed from the date on the checks will constitute the _Cy Pres_ Distribution. Subject to approval by the Court, the _Cy Pres_ Distribution shall be made to the National Endowment for Financial Education. The _Cy Pres_ Distribution shall be made 60 days after the last day for Settlement Class Members to cash their Settlement Awards.

G.     Technology Enhancement. At this time, and for reasons having nothing to do with the Action or this Settlement, NSL intends to make calls to references using the ININ Interaction Dialer with the Manual Call feature license, or a system having similar features, subject to further developments in the law.

H.     Release of Released Claims. As of the Effective Date of the Settlement, Baker and each Settlement Class Member, along with their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns and all persons acting for or on their behalf, shall be deemed to have fully and forever released the

13

Released Parties from all Released Claims described in Sections III.A.21-24. above. Without limiting the foregoing, the Released Claims released pursuant to this Settlement specifically extend to all claims and potential claims that Settlement Class Members do not know or suspect to exist in their favor as of or prior to the Effective Date, within the definition of Released Claims. Baker, and all Settlement Class Members, agree that this paragraph constitutes a waiver of California Civil Code section 1542 and any similar or comparable provisions, rights and benefits conferred by the law of any state or territory of the United States or any jurisdiction, and any principle of common law. California Civil Code section 1542 provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Baker and each Settlement Class Member understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and/or of any other applicable law relating to limitations on releases. In connection with such waivers and relinquishment, Baker and each Settlement Class Member acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the Settlement, but that they release fully, finally and forever all Released Claims, and in furtherance of such intention, the release will remain in effect notwithstanding the discovery or existence of any such additional or different facts. Baker acknowledges (and all Settlement Class Members by operation of law shall be deemed to have acknowledged) that the release of unknown Released Claims as set forth herein was separately bargained for and was a key element of the Settlement.

I.     Attorneys' Fees and Costs.    With their motion for final approval of the Settlement, Class Counsel shall make an application to the Court for an award of attorneys' fees for their representation of Baker and the Settlement Class, to be paid from and up to thirty-three

percent (33%) of the Fund, plus their costs and expenses not to exceed $35,000. NSL shall not oppose or object to such an application by Class Counsel. NSL's agreement not to oppose the motion for attorneys fees, costs and other expenses shall not be construed as an admission, agreement or concession by NSL that the attorneys' fees, costs and other expenses applied for by Class Counsel are reasonable and/or appropriate. Class Counsel shall allocate the attorneys' fees among themselves in accordance with their existing agreement. The Parties' agreement with respect to attorneys' fees, costs and other expenses was not negotiated until after the terms of the Settlement had been negotiated and agreed upon during the mediation. Any award of attorneys' fees and costs to Class Counsel will be paid from the Fund within 10 days after any order awarding any such attorneys' fees and costs becomes final (non-appealable). However, Court approval of attorneys' fees, expenses and costs, or their amount, will not be a condition of the Settlement, and in no event will any award of attorneys' fees require NSL to pay more than the amount of the Fund. In addition, no interest will accrue on such amounts at any time.

J.      Service Award. NSL will not object to a Service Award to Baker of up to $15,000, subject to Court approval. Any Service Award will be paid from the Fund within 10 days that any order awarding any such award becomes final (non-appealable). However, Court approval of the Service Award, or the amount, will not be a condition of the Settlement, and in no event will any Service Award require NSL to pay more than the amount of the Fund. In addition, no interest will accrue on such amounts at any time.

K.      Opt-Out Right/Termination.

1.      Opt-Out Requirements. Persons in the Settlement Class may request exclusion from the Settlement by sending a written request to the Settlement Administrator at the address designated in the Class Notice up until the Opt-Out and Objection Deadline. Exclusion requests must: (a) be signed by the person who requests exclusion; (b) include the full name and address of the person requesting exclusion, as well as the telephone number called by NSL; and (c) include the following statement: "I/we request to be excluded from the settlement in the Baker action." No request for exclusion will be valid unless all of the information described

above is included. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with a person in the Settlement Class, may exclude any other person from the Settlement Class.

        2.      Retention of Exclusions. The Settlement Administrator will retain a copy of all requests for exclusion and will, upon written request, provide copies of any such requests to counsel for the Parties. Class Counsel will keep any such opt-out information confidential and use it only for purposes of determining whether a person in the Settlement Class has properly opted out. Not later than 30 days after the Opt-Out and Objection Deadline, the Settlement Administrator shall file with the Court a declaration that lists all of the opt-outs received.

        3.      Cap on Opt-Outs. The Settlement Class Members will be bound by all determinations and judgments in the Action. In the event that the number of valid opt-out requests exceeds 250 or more persons, NSL, in its sole discretion, may terminate the Settlement. NSL shall inform Class Counsel within 15 days after it is advised in writing that the number of valid opt-out requests is higher than 250 persons as to whether it will exercise the right of termination.

        L.      Objections to the Settlement.

        1.      Right to Object. Any Settlement Class Member may appear at the Final Approval Hearing to object to the proposed Settlement and/or to the application of Class Counsel for an award of attorneys' fees, expenses and costs and/or the Service Award, but only if the Settlement Class Member has first filed a written objection with the Clerk of Court, in accordance with the requirements set forth below, by the Opt-Out and Objection Deadline. Any Settlement Class Member who does not provide a written objection in the manner described in this Section shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed Settlement, the plan of allocation or the award of any attorneys' fees and/or the Service Award. Further, any Settlement Class Member who intends to appear at the Final Approval Hearing must file with the Court and serve on all parties a Notice of Intention to Appear.

2.      Objection Requirements.  To be heard at the Final Approval Hearing, the Settlement Class Member must make any objection in writing and file it with the Court by the Opt-Out and Objection Deadline.  The objection must also be mailed to each of the following, postmarked not later than the last day to file the objection:  (a) Class Counsel – William L. Downing, Consumer Legal Solutions, PC, 1071 Bay Breeze Drive, Suffolk, VA 23435; and (b) NSL's Counsel – Lisa M. Simonetti, Vedder Price (CA), LLP, 1925 Century Park East, Suite 1900, Los Angeles, California 90067.  An objection must:  (a) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member, including providing the cellular telephone number dialed by NSL; (b) include a statement of such Settlement Class Member's specific objections; and (c) state the grounds for objection, as well as identify any documents that such objector desires the Court to consider. Unless so permitted by the Federal Rules of Civil Procedure or the Court's local rules, no Settlement Class Member shall be permitted to raise matters at the Final Approval Hearing that the Settlement Class Member could have raised in an Objection, but failed to do.  In order to be heard at the Final Approval Hearing, the person objecting also must file with the Court and serve on all Parties a Notice of Intention to Appear. Any Class Member who fails to comply with this Agreement, the Mail or Publication Notices, and any other order by the Court shall be barred from appearing at the Final Approval Hearing.

M.      Final Approval.  Within 30 days following the Opt-Out and Objection Deadline, Baker shall request that the Court enter the Final Approval Order, which shall specifically include provisions that: (a) finally approve the Settlement as fair, reasonable and adequate to the Settlement Class; (b) find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (c) approve the plan of distribution of the Fund and any interest accrued thereon; (d) finally certify the Settlement Class; (e) confirm that Baker and the Settlement Class Members have released all Released Claims and are permanently barred and enjoined from asserting, commencing, prosecuting or continuing any

of the Released Claims against the Released Parties; and (f) dismiss the Action with prejudice, without costs to any party, except as provided in this Agreement, and subject to the Court retaining continuing jurisdiction over the Parties and the Fund for the purpose of enforcement of the terms of this Agreement.

N.    Dismissal. Upon entry of the Final Approval Order, the Action shall be dismissed with prejudice as to Baker and the Settlement Class Members.

O.    Evidentiary Preclusion/No Admissions. NSL expressly disclaims and denies any wrongdoing or liability whatsoever. This Settlement, and any and all negotiations, statements, documents and/or proceedings in connection with this Settlement, shall not be construed or deemed to be evidence of an admission or concession by NSL of any liability or wrongdoing by NSL or any of its respective affiliates, agents, representatives, vendors or any other person or entity acting on its behalf, and shall not be construed or deemed to be evidence of an admission or concession that any person suffered compensable harm or is entitled to any relief. Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal; (c) is or may be deemed a waiver of any right to challenge class certification if this Settlement for any reason does not become Final; or (d) is or may be deemed to be a waiver of any right to seek to enforce any arbitration provision in other cases. In addition, neither the fact of, nor any documents relating to, NSL's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence for any purpose whatsoever. The Released Parties may file the Agreement and/or the judgment in any Action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral

18

estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

      P.     <u>No Publicity Beyond Notice Procedures</u>. Plaintiff will not at any time issue press releases, initiate or make any public statements, or engage in any discussions with any press or news organization regarding the Settlement. Plaintiff will not make statements of any kind to any third party regarding the Settlement prior to the filing of a motion for entry of the Preliminary Approval Order, with the exception of the Settlement Administrator. After that time, the Parties may make public statements to persons other than to the press or news organizations, including to the Court as necessary to obtain preliminary or final approval of the Settlement, and the Parties will not be prohibited from communicating with any person in the Settlement Class regarding the Action or the Settlement. However, in all communications, the Parties must comply with all confidentiality agreements in the Action and not disclose documents or information that has been designated as confidential in discovery and is not a part of the public record.

      Q.     <u>Non-Disparagement</u>. The Parties agree not to make any statements, written or verbal, or to cause or encourage any other person to make any statements, written or verbal, that defame, disparage or in any way criticize the personal or business reputation, practices or conduct of the Parties, the Released Parties and their respective counsel concerning all Released Claims, as well as the litigation of this Action, the Settlement, this Agreement and any discussions, interactions, or negotiations of the Settlement by the Parties and their counsel; provided, however, nothing herein shall preclude any party or its agents, representatives or counsel from any good faith response to any inquiries under oath or in response to a government inquiry or from making statements in the course of legal proceedings, or from non-public privileged communications with Class Members with regard to the settlement.

      R.     <u>No Effect On Outstanding Debt</u>. The Parties agree and acknowledge that nothing in this Settlement effects the obligation of any borrower to repay any amounts of outstanding student loan debt serviced by NSL.

19

## IV.   GENERAL PROVISIONS

A.   Settlement Conditioned Upon Approval.   The Settlement is conditioned upon entry of the Preliminary Approval Order and Final Approval Order without material modification by the Court.   In the event of failure to obtain any of the required provisions of such orders, including, but not limited to, the denial of any motion seeking preliminary or final approval, either Party may terminate the Settlement by notifying the opposing party in writing within 30 days of such failure to obtain approval.   In the event of a termination under this section, or the termination of this Settlement based on the cap on opt-outs, the Parties will then return, without prejudice, to the *status quo ante* as if no Settlement had been negotiated or entered into.

B.   No Construction Against Drafter.   This Agreement will be deemed to have been drafted by the Parties, and any rule that a document shall be interpreted against the drafter will not apply.

C.   Entire Agreement.   This Agreement contains the entire agreement between the Parties and supersedes all prior understandings, agreements or writings regarding the subject matter of this Agreement.   This Agreement may be amended or modified only by a written instrument signed by all Parties or their successors in interest or their duly authorized representatives and approved by the Court.   The provisions of the Agreement may be waived only in a writing executed by the waiving party.   The waiver by one party of any breach of this Agreement by any other party shall not be deemed a waiver, by that party or by any other party, of any other prior or subsequent breach of this Agreement.

D.   Authority.   Plaintiff and NSL represent and warrant that the persons signing this Agreement on their behalf have full power and authority to do so.   Any person executing this Agreement in a representative capacity represents and warrants that he or she has done so freely and he or she is fully authorized to do so and to bind the party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

E.   <u>No Assignment</u>.  No party to this Agreement has heretofore assigned, transferred or granted, or purported to assign, transfer, or grant, any of the claims, demands or cause or causes of action disposed of by this Agreement.

F.   <u>Receipt of Advice of Counsel</u>.  Each party acknowledges, agrees and specifically warrants that he, she or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.  Each party to this Agreement warrants that he, she or it is acting upon his, her or its independent judgment and upon the advice of his, her or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Agreement.

G.   <u>Agreement Binding on Successors in Interest</u>.  This Agreement is binding on and shall inure to the benefit of the respective heirs, successors and assigns of the Parties.

H.   <u>Undertakings of the Parties</u>.  The Parties agree to the approval of this Settlement. The Parties further agree to undertake all steps necessary to effectuate the terms and purposes of this Agreement, to secure the Court's approval of same, and contemplate that they will oppose any objections to the Settlement, including objections by any regulatory authority after CAFA notices are issued, and oppose any appeals from any orders of final approval.

I.   <u>Execution in Counterparts</u>.  The Parties may execute this Agreement in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

J.   <u>Notices</u>.  All notices to counsel provided for herein shall be sent by e-mail with a hard copy sent by overnight mail to:

<u>As to Baker and the Settlement Class:</u>
CONSUMER LEGAL SOLUTIONS, PC
William L. Downing

<u>As to NSL:</u>
VEDDER PRICE (CA), LLP
Lisa M. Simonetti
lsimonetti@vedderprice.com

wdowninglaw@aol.com.                    1925 Century Park East, Suite 1900
1071 Bay Breeze Drive                   Los Angeles, CA 90067
Suffolk, VA 23435

     K.    <u>Retention of Jurisdiction</u>.  The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Agreement.

     IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of June 19, 2018:

**PLAINTIFF**
**DENISE BAKER**

_____
     Denise Baker


**DEFENDANT**
**NAVIENT SOLUTIONS, LLC**

By:   _____

Its:   _____

wdowninglaw@aol.com.
1071 Bay Breeze Drive
Suffolk, VA 23435

1925 Century Park East, Suite 1900
Los Angeles, CA 90067

K.   <u>Retention of Jurisdiction</u>.   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Agreement.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of June 19, 2018:

**PLAINTIFF**
**DENISE BAKER**

_____
Denise Baker

**DEFENDANT**
**NAVIENT SOLUTIONS, LLC**

By: _____

Its: _Matt Shelden, Vice President + Associate General Counsel_

22

**APPROVED AS TO FORM:**

**CLASS COUNSEL**

CONSUMER LEGAL SOLUTIONS, PC                    Dated:  June 19, 2018

By:  _____
              William L. Downing


**APPROVED AS TO FORM:**                         Dated:  June 19, 2018

**DEFENSE COUNSEL**

VEDDER PRICE (CA), LLP

By:  _____
              Lisa M. Simonetti


LOS_ANGELES/#42217.1

# **<u>Exhibit A</u>**
# **<u>to Settlement Agreement</u>**

Claim Form

Carefully separate at perforation

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**

**Denise Baker v. Navient Solutions, LLC,**
**Case No.: 1:17-cv-1160 (LMB/JFA)**

<u>**CLAIM FORM**</u>

[admin] ID: «[Admin] ID»                              Name/Address Changes:
«First Name» «Last Name»                              _____
«Address1»                                            _____
«City», «State» «Zip»                                 _____

I am a member of the settlement class in Baker v. Navient Solutions, LLC ("NSL"). I affirm that I received one or more telephone calls from NSL to a cellular telephone between October 16, 2013 and _____.

**IF YOU MOVE, send your CHANGE OF ADDRESS to the**
**Settlement Administrator at the address on the backside of this form.**

Signature:_____       Telephone number on which I received the call(s):

Date:_____                 _____

**To Receive A Payment, You Must Enter All Requested Information Above, Sign**
**And Mail This Claim Form, Postmarked On Or Before [Month] [day], 201__,**
**Or Submit A Claim Online At www.BakerTCPAsettlement.com On Or Before [Month] [day], 201__.**

**To exclude yourself from the class action settlement you must mail a written request for**
**exclusion to the Settlement Administrator, postmarked on or before [Month] [day], 201__.**
**Your request must include the information required by the Court's [month] [day], 2018 Order.**

**Bottom Inside**

Please Affix
Postage Here

*Bar Code To Be Placed Here*

Postal Service: Please do not mark Barcode

**Bottom Outside**

**Baker v. Navient Solutions, LLC**
**[address]**

# **<u>Exhibit B</u>**
# **<u>to Settlement Agreement</u>**

Proposed Final Approval Order

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

DENISE BAKER, for herself and on behalf of
all similarly situated individuals,

        Plaintiff,

v.

NAVIENT SOLUTIONS, LLC,

        Defendant.

Case No. 1:17-cv-1160 (LMB/JFA)

## [PROPOSED] FINAL APPROVAL ORDER

    The Court having held a final approval hearing on _____, notice of the hearing having been duly given in accordance with this Court's Preliminary Approval Order, and having considered all matters submitted to it at the final approval hearing and otherwise, and finding no just reason for delay in entry of this final approval order and good cause appearing therefore,

    It is hereby ORDERED, ADJUDGED AND DECREED as follows:

    1.    The Settlement Agreement dated _____, including its exhibits (the "Agreement"), and the definition of words and terms contained therein are incorporated by reference hereinafter in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Final Approval Order, which constitutes a Final Judgment and Order of Dismissal.

    2.    This Court has jurisdiction over the subject matter of the Action and over the Parties, including all persons in the following Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order:

        Each person throughout the United States who was: (1) listed as a credit reference on a student loan application; and (2) called by NSL on a cellular

telephone number using dialing technology manufactured and/or licensed by Interactive Intelligence. Excluded from the class definition are: (1) persons who were listed as credit references on student loan applications and who also have student loans serviced by NSL; (2) persons or entities included within the class defined in the Final Approval Order (Dkt. # 177) in Johnson v Navient Solutions, Inc., Case No.: 1:15-cv-0716 (S.D. Ind.); and (3) any employees, officers or directors of NSL, any attorneys appearing in this case and any judge assigned to hear this action. NSL represents that there are approximately 300,000 persons in the Settlement Class.

3.     The Court hereby finds that the Agreement is the product of good faith, arm's length settlement negotiations among Plaintiff, Class Counsel, NSL and NSL's Counsel.

4.     The Court hereby finds and concludes that Class Notice was disseminated to the Settlement Class in accordance with the terms set forth in Section ___ of the Agreement and in compliance with this Court's Preliminary Approval Order.

5.     The Court further finds and concludes that the Class Notice and Settlement Award distribution procedures set forth in Sections ____ and ____ of the Agreement fully satisfy Federal Rule of Civil Procedure 23 and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all persons in the Settlement Class who could be identified and for whom address information could be secured through reasonable effort and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Final Approval Order.

6.     The Court hereby finally approves the Agreement and the Settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, reasonable and adequate settlement as to all Settlement Class Members in accordance with Rule 23, and directs its consummation pursuant to its terms and conditions.

7.     The Court reserves jurisdiction over all matters arising out of the Agreement.

8.     This Court hereby dismisses the Action with prejudice, without fees or costs, except as expressly provided for in the Agreement.

9.     Baker and each and every one of the Settlement Class Members unconditionally, fully and finally release and forever discharge the Released Parties from the Released Claims.  In addition, any rights of Baker and each and every one of the Settlement Class Members subject to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable or equivalent laws, are terminated.

10.     Baker and each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), are hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties.  This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Final Approval Order and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

11.     The Agreement (including, without limitation, its exhibits), and any and all negotiations, documents and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing, by NSL, or of the truth of any of the claims asserted in the Action, and evidence relating to the Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or

proceeding, except for purposes of enforcing the terms and conditions of the Agreement, the Preliminary Approval Order and/or this Final Approval Order.

12.     If for any reason the Settlement terminates or the Effective Date does not occur, then certification of the Settlement Class shall be deemed vacated. In such an event, the certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues, and the Parties shall return to the *status quo ante* in the Action, without prejudice to the right of any of the Parties to assert any argument or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

13.     In the event that any provision of the Settlement or this Final Approval Order is asserted by NSL as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Agreement, this Final Approval Order and this Court's authority to effectuate the Settlement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

14.     The Court approves Class Counsel's application for attorneys' fees in the amount of $_____ and $_____ in costs and expenses, and for a Service Award to Baker in the amount of $15,000.

15.     Finding that there is no just reason for delay, the Court orders that this Final Approval Order shall constitute a final judgment pursuant to Federal Rule of Civil Procedure 54 and a dismissal of the Action. The Clerk of the Court is directed to enter this order on the docket forthwith.

IT IS SO ORDERED.

Entered:

_____
Hon. Leonie M. Brinkema

LOS_ANGELES/#42335.1

# **Exhibit C**
# **to Settlement Agreement**

Mail Notice

**What is this lawsuit about?** Plaintiff Denise Baker ("Baker") filed this lawsuit on October 16, 2017.  Baker was listed as a credit reference on an NSL's borrower's student loan application, and NSL subsequently called her cellular telephone, using a dialing process that it contends is manual, in connection with efforts to locate that borrower.  Baker alleges that NSL violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq., in making these calls because the dialing technology constitutes an automatic telephone dialing system ("ATDS") within the meaning of the TCPA, and NSL did not have the requisite prior express consent to call her.  The parties have agreed to a settlement.

**Why did you receive this notice?** You received this notice because you may be a member of the following class: Each person who was: (1) listed as a credit reference on a student loan application; and (2) called by NSL on a cellular telephone number using dialing technology manufactured and/or licensed by Interactive Intelligence, from October 16, 2013 to _____.  Excluded from the class definition are:  (1) persons who were listed as credit references on student loan applications and who also have student loans serviced by NSL; (2) persons or entities included within the class defined in the Final Approval Order (Dkt. # 177) in Johnson v Navient Solutions, Inc., Case No.: 1:15-cv-0716 (S.D. Ind.); and (3) any employees, officers or directors of NSL, any attorneys appearing in this case and any judge assigned to hear this action.

**What does the settlement provide?** NSL will establish a settlement fund in the amount of $2,500,000.  Out of the settlement fund, NSL will pay:  (a) settlement compensation to the class members; (b) costs and expenses of administrating the class action settlement; (c) an award of attorneys' fees in an amount up to one-third of the settlement fund, or $833,333, subject to the Court's approval; (d) costs and expenses incurred litigating this matter, not to exceed $35,000, subject to the Court's approval; and (e) a service award to Baker in an amount up to $15,000, subject to the Court's approval.  How much each class member receives depends on how many people make approved claims.  Plaintiff estimates that the amount of the cash award may be $50.00.  At the end of the administration, any remaining funds will be donated to the National Endowment for Financial Education.

**What are your legal rights and options?** You have four options.  First, you may timely complete and return the claim form found on the backside of this postcard, or timely submit a claim online at www.BakerTCPAsettlement.com or by calling _____, in which case you will receive a proportionate share of the settlement fund after deducting the above-listed expenses and will release any claim(s) that you have against NSL related to the claims.  Second, you may do nothing, in which case you will not receive a share of the settlement fund, but you will release any related claim(s) that you have against NSL.  Third, you may exclude yourself from the settlement, in which case you will neither receive a share of the settlement fund, nor release any claim(s) that you have against NSL.  Or fourth, you may object to the settlement.  To obtain additional information regarding the manner in which you may exercise your legal rights and options, please visit www.BakerTCPAsettlement.com, or contact the settlement administrator by writing to: Baker Settlement Administrator, c/o _____ or by calling _____.

**When is the final fairness hearing?** The Court will hold a final fairness hearing on [Month] [day], 201__, at [time].  The hearing will take place in the United States District Court for the Eastern District of Virginia, 401 Courthouse Square, Alexandria, VA 22314, before the Honorable Leonie M. Brinkema.  At the final fairness hearing, the Court will consider whether the settlement is fair, reasonable and adequate and, if so, whether it should be granted final approval.  The Court will also hear objections to the settlement, if any.  The Court may make a decision at that time, postpone a decision or continue the hearing.

**Front Inside**

---

**This is a notice of a settlement of a class action lawsuit.**
**This is not a notice of a lawsuit against you.**

**If you received a call on your cell phone from Navient Solutions, LLC between October 16, 2013 and _____, you may be entitled to compensation as a result of the settlement in the class action lawsuit captioned:**

*Baker v. Navient Solutions, LLC,*
No. 1:17-cv-1160 (E.D. Va.)

**A federal court authorized this notice.  This is not a solicitation from a lawyer.**

**Please read this notice carefully.  It summarily explains your rights and options to participate in a class action settlement.**

**Front Outside**

Baker v. Navient Solutions, LLC
c/o ___
[address]

Please Affix Postage Here

*Bar Code To Be Placed Here*

Postal Service: Please do not mark Barcode

**ADDRESS SERVICE REQUESTED**

CLAIM ID: << ID>>
<<Name>>
<<Address>>
<<City>>, <<State>> <<Zip>>

# **Exhibit D**
# **to Settlement Agreement**

Proposed Preliminary Approval Order

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

DENISE BAKER, for herself and on behalf of
all similarly situated individuals,

       Plaintiff,

v.

NAVIENT SOLUTIONS, LLC,

       Defendant.

Case No. 1:17-cv-1160 (LMB/JFA)

## [PROPOSED] PRELIMINARY APPROVAL ORDER

WHEREAS, the above-referenced putative class action is pending in this Court (the "Action");

WHEREAS, plaintiff Denise Baker and defendant Navient Solutions, LLC have agreed, subject to Court approval following notice to the proposed Settlement Class (as described in Section __ below) and a hearing, to settle the Action upon the terms and conditions set forth in the settlement agreement lodged with this Court (the "Agreement");

WHEREAS, this Court has reviewed the Agreement, as well as the files, records and proceedings to date in this matter;

WHEREAS, for purposes of this order, capitalized terms used below shall have the meaning ascribed to them in the Agreement, unless otherwise defined; and

WHEREAS, for purposes of the Action, this Court has subject matter and personal jurisdiction over the Parties, including all persons in the Settlement Class.

NOW, THEREFORE, based on this Court's review of the Agreement and all of the files, records and proceedings herein, the Court concludes, upon preliminary examination, that the Agreement and Settlement appear fair, reasonable and adequate, and within the range of

reasonableness for preliminary settlement approval, and that a hearing should and will be held after notice to the Settlement Class (as described in Section __ below) to confirm that the Agreement and Settlement are fair, reasonable and adequate and to determine whether the Settlement should be approved and final judgment entered in the Action based upon the Agreement.

IT IS HEREBY ORDERED THAT:

Preliminary Approval of Proposed Settlement. The Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable and adequate and within the range of reasonableness for preliminary settlement approval. The Court finds that: (a) the Agreement resulted from good faith, arm's length negotiations; and (b) the Agreement is sufficient to warrant notice of the Settlement to persons in the Settlement Class and a full hearing on the approval of the Settlement.

Class Certification for Settlement Purposes Only. Pursuant to Federal Rule of Civil Procedure 23(c), the Court conditionally certifies, for settlement purposes only, the following Settlement Class:

> Each person throughout the United States who was: (1) listed as a credit reference on a student loan application; and (2) called by NSL on a cellular telephone number using dialing technology manufactured and/or licensed by Interactive Intelligence. Excluded from the class definition are: (1) persons who were listed as credit references on student loan applications and who also have student loans serviced by NSL; (2) persons or entities included within the class defined in the Final Approval Order (Dkt. # 177) in Johnson v Navient Solutions, Inc., Case No.: 1:15-cv-0716 (S.D. Ind.); and (3) any employees, officers, directors of NSL, any attorneys appearing in this case and any judge assigned to hear this action. NSL represents that there are approximately 300,000 persons in the Settlement Class.

In connection with this conditional certification, the Court makes the following preliminary findings for settlement purposes only:

(a)     The Settlement Class appears to be so numerous that joinder of all members is impracticable;

(b)     There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether this Settlement should be approved;

(c)     Plaintiff's claims appear to be typical of the claims being resolved through the proposed settlement;

(d)     Plaintiff appears to be capable of fairly and adequately protecting the interests of the Settlement Class in connection with the proposed settlement;

(e)     Common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class.  Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

(f)     Certification of the Settlement Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

Class Representatives.  Baker is designated as class representative for the Settlement Class.

Class Counsel.  The Court appoints William L. Downing of Consumer Legal Solutions, PC, and Henry A. Turner of Turner Law Offices, LLC as counsel for the Settlement Class.  The Court finds that counsel is competent and capable of exercising the responsibilities of Class Counsel for the Settlement Class.

Final Approval Hearing.  A final approval hearing (the "Final Approval Hearing") shall be held on _____ at _____ to determine whether the Agreement is fair, reasonable and adequate and should be approved.  Papers in support of final approval of the Agreement, the Service Award to Baker and Class Counsel's application for an award of attorneys' fees, costs

-3-

and expenses (the "Fee Application") shall be filed with the Court according to the schedule set forth below.  The Final Approval Hearing may be postponed, adjourned or continued by order of the Court without further notice to the Settlement Class.  After the Final Approval Hearing, the Court may enter a Final Approval Order in accordance with the Agreement that will adjudicate the rights of the Settlement Class Members with respect to the Released Claims.

Class Notice.   Class Notice shall be sent within 90 days following entry of this Preliminary Approval Order.

(a)     Mail Notice.  The Settlement Administrator will provide individual Mail Notice pursuant to the Agreement to all persons in the Settlement Class who can be reasonably identified and for whom address information can be secured.

(b)     Publication Notice.  The Settlement Administrator will publish notice of the Settlement in two separate national editions of USA Today and one national edition of the U.S. Wall Street Journal.

(c)     Website Notice.  The Settlement Administrator will establish and maintain a Settlement Website using a domain name dedicated to the Settlement on which will be posted the Website Notice and other settlement-related documents.  The Mail Notice shall direct recipients to the location of the Website Notice.  The Settlement Website will be established no later than 15 days following the date of this Preliminary Approval Order and shall remain active at least until the date of the Final Approval Hearing.

(d)     Telephone Number.  The Settlement Administrator will establish and maintain a toll-free telephone number that persons in the Settlement Class may call to receive more information regarding the Settlement.  The Mail and Publication Notice shall inform persons in the Settlement Class of the toll-free number.  The toll-free number will be established

-4-

no later than 15 days following the date of this Preliminary Approval Order and shall remain active at least until the date of the Final Approval Hearing.

Findings Concerning Class Notice. The Court finds that the foregoing program of Class Notice and the manner of its dissemination is the best practicable notice under the circumstances and is reasonably calculated to apprise the Settlement Class of the pendency of this Action and their right to object to the Settlement or exclude themselves from the Settlement Class. The Court further finds that the Notice Program is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice and that it meets the requirements of due process and Federal Rule of Civil Procedure 23. The Court hereby approves the notices in substantially the same forms as those attached as Exhibits __ and __ to the Agreement.

Administration. The Settlement Award distribution process described in the Agreement is hereby approved.

Exclusion from the Settlement Class.

(a)     Persons in the Settlement Class will possess the right to opt out by sending a written request to the Settlement Administrator by _____ (the "Opt-Out and Objection Deadline"). All persons in the Settlement Class who do not opt out in accordance with the terms set forth herein will be bound by all determinations and judgments in the Action.

(b)     Exclusion requests must:  (a) be signed by the person who requests exclusion; (b) include the full name and address of the person requesting exclusion, as well as the telephone number called by NSL; and (c) include the following statement: "I/we request to be excluded from the settlement in the Baker action." No request for exclusion will be valid unless all of the information described above is included. No person in the Settlement Class, or

any person acting on behalf of or in concert or participation with a person in the Settlement Class, may exclude any other person from the Settlement Class.

(c)     The Settlement Administrator will retain a copy of all requests for exclusion. Not later than 30 days after the Opt-Out and Objection Deadline, the Settlement Administrator shall file with the Court a declaration that lists all of the opt-outs received.

Objections and Appearances.

(a)     Any Settlement Class Member may appear at the Final Approval Hearing to argue that the proposed Settlement should not be approved and/or to oppose the application of Class Counsel for an award of attorneys' fees, reimbursement of costs and expenses and the Service Award to Baker.

(b)     In order to be heard at the Final Approval Hearing, the person must make any objection in writing and mail it to counsel for the Parties and file with the Court not later than Opt-out and Objection Deadline. Any objections that are not timely filed and mailed shall be forever barred. All objections must comply with the directives contained in the Agreement or will otherwise be invalid and barred. To the extent that a person submits both an objection and request for exclusion, the request for exclusion prevails and the person will be excluded from this Action.

(c)     In order to be heard at the Final Approval Hearing, the person also must file with the Court and serve on all parties a Notice of Intention to Appear with the Court.

(d)     Settlement Class Members who do not object to the Settlement need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement.

Further Papers in Support of Settlement and Fee Application.  By no later than 30 days before the Opt-Out and Objection Deadline, Class Counsel shall file the Fee Application.  No later than 30 days after the Opt-Out and Objection Deadline, Class Counsel and/or NSL's Counsel shall request that the Court enter the Final Approval Order, which shall specifically include provisions that:   (a) finally approve the Settlement as fair, reasonable and adequate to the Settlement Class; (b) find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (c) approve the plan of distribution of the Fund and any interest accrued thereon; (d) finally certify the Settlement Class; (e) confirm that Baker and the Settlement Class Members have released all Released Claims and are permanently barred and enjoined from asserting, commencing, prosecuting or continuing any of the Released Claims against the Released Parties; and (f) dismiss the Action with prejudice, without costs to any party, except as provided in this Agreement, and subject to the Court retaining continuing jurisdiction over the Parties and the Fund for the purpose of enforcement of the terms of this Agreement.

Effect of Failure to Approve the Agreement.  In the event the Agreement is not approved by the Court, or for any reason the Parties fail to obtain a final judgment as contemplated in the Agreement, or the Agreement is terminated for any reason, then the following shall apply:

(a)     All orders and findings entered in connection with the Agreement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever and shall not be admissible in any other proceeding;

(b)     The conditional certification of the Settlement Class pursuant to this Preliminary Approval Order shall be vacated automatically and void; no doctrine of waiver,

estoppel or preclusion shall be asserted in any litigated certification proceedings in the Action; and the Agreement and its existence shall be inadmissible to establish any fact relevant to class certification or any alleged liability of NSL for the matters alleged in the Action or for any other purpose;

(c)    Nothing contained in this Preliminary Approval Order is, or may be construed as, any admission or concession by or against NSL and Baker on any point of fact or law.

Stay/Bar of Other Proceedings.  All proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement. Pending final determination of whether the Settlement should be approved, Baker, all persons in the Settlement Class and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action, arbitration or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

IT IS SO ORDERED.


Entered:


_____

Hon. Leonie M. Brinkema

# **Exhibit E**
# **to Settlement Agreement**

Publication Notice

<u>Legal Notice</u>

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF VIRGINIA

## This is a notice of a proposed settlement of a class action lawsuit.

*Baker v. Navient Solutions, LLC,*  No. 1:17-cv-1160 (LMB/JFA)

**What is the lawsuit about?**

Plaintiff Denise Baker ("Baker") filed this lawsuit on October 16, 2017. Baker was listed as a credit reference on an NSL's borrower's student loan application, and NSL subsequently called her cellular telephone, using a dialing process that it contends is manual, in connection with efforts to locate that borrower. Baker alleges that NSL violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, <u>et seq.</u>, in making these calls because the dialing technology constitutes an automatic telephone dialing system, within the meaning of the TCPA, and NSL did not have the requisite prior express consent to call her. The parties have agreed to a settlement.

**What does the settlement provide?**

NSL will establish a settlement fund in the amount of $2,500,000. Out of the settlement fund, NSL will pay: (1) settlement compensation to class members; (2) the costs and expenses of administrating the class action settlement; (3) an award of attorneys' fees in an amount up to one-third of the settlement fund, or $833,333, subject to the Court's approval; (4) costs and expenses incurred litigating this matter, not to exceed $35,000, subject to the Court's approval; and (5) a service award to Baker, in an amount up to $15,000, subject to the Court's approval. How much each class member receives depends on how many people make approved claims. Plaintiff estimates that the amount of the cash award may be $50.00.

**When and where will the Court decide whether to approve the settlement?**

The Court will hold a final fairness hearing on [DATE]. The hearing will take place in the United States District Court for the Eastern District of Virginia, 401 Courthouse Square, Alexandria, VA 22314, before the Honorable Leonie M. Brinkema. At the final fairness hearing, the Court will consider whether the settlement is fair, reasonable and adequate and, if so, whether final approval of the settlement should be granted.

**What are your rights and options in this settlement?**

If you received a call on your cellular phone from NSL between October 16, 2013 and _____, as a credit reference on a student loan, here are your rights and options:

**Submit a Claim Form.** You must mail a valid claim form to the Baker Settlement Administrator, _____ **postmarked by [DATE], 201__.**  Or you must submit a valid claim through www.BakerTCPAsettlement.com by **[DATE], 201__.**

**Exclude Yourself From The Settlement.** You may exclude yourself from the settlement, in which case you will <u>not</u> receive a payment. If you wish to exclude yourself from the settlement, you must mail a written request for exclusion to the settlement administrator, postmarked by [DATE].

**Object to the Settlement:** If you do not exclude yourself from the settlement, you can object to the settlement if you do not believe it is fair, reasonable, and adequate. If you wish to object, you must mail a written notice of objection, postmarked by [DATE], to class counsel, NSL's attorneys, and to the Court.

**Do Nothing.** If you do nothing and the Court approves the Settlement Agreement, you will not receive a share of the settlement fund, but you will release any claim you have against NSL related to the allegations.

This is only a summary of the proposed settlement. For more information, you may write to:  Baker Settlement Administrator, [ADDRESS]. You can also call: [TELEPHONE] or visit: www.BakerTCPAsettlement.com.

Do not contact the Court, NSL or NSL's counsel.

# **Exhibit F**
# **to Settlement Agreement**

Website Notice

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

DENISE BAKER, for herself and on behalf
of all similarly situated individuals,

          Plaintiff,

v.

NAVIENT SOLUTIONS, LLC,

          Defendant.

Case No.: 1:17-cv-1160 (LMB/JFA)

**WEBSITE Q & A NOTICE**

**This is a notice of a settlement of a class action lawsuit.**
**This is not a notice of a lawsuit against you.**

**If you received a call on your cellular phone from Navient Solutions, LLC ("NSL") because you were listed as a credit reference on a student loan application, you may be entitled to compensation as a result of the settlement in the class action lawsuit captioned:**

*Denise Baker. v. Navient Solutions, LLC,*
No. 1:17-cv-1160 (LMB/JFA)

**A federal court authorized this notice.**
**This is not a solicitation from a lawyer.**

**Please read this notice carefully.**
**It explains your rights and options to participate in a class action settlement.**

**What are your legal rights and options?**

| | |
|---|---|
| **SUBMIT A TIMELY CLAIM FORM:** | If you submit a timely claim form, you will receive a proportional share of the $2.5 million settlement fund after attorneys' fees, costs and expenses, a service award for named plaintiff and the costs of administration are deducted, and you will release claims you may have against NSL related to this case.   Plaintiff estimates that you might receive $50.00, depending on, among other things, the number of timely claim forms submitted. |
| **DO NOTHING:** | If you do nothing, you will not receive a share of the settlement fund, but you will release claims you may have against NSL related to this case. |
| **EXCLUDE YOURSELF:** | If you exclude yourself from the settlement, you will not receive a share of the settlement fund, and you will not release any claims you have against NSL. |
| **OBJECT:** | You may object to the settlement. |

**Why is this notice available?**

This is a notice of a proposed settlement in a class action lawsuit.  The settlement would resolve the lawsuit, which Denise Baker ("Baker") filed against NSL.  Please read this notice carefully.  It explains the lawsuit, the settlement and your legal rights, including the process for receiving a settlement check, excluding yourself from the settlement or objecting to the settlement.

### What is this lawsuit about?

Baker filed this lawsuit on October 16, 2017. Baker was listed as a credit reference on an NSL's borrowers student loan application, and NSL subsequently called her cellular telephone, using a dialing process that it contends is manual, in connection with efforts to locate that borrower. Baker alleges that NSL violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq., in making these calls because the dialing technology constitutes an automatic telephone dialing system, within the meaning of the TCPA, and NSL did not have the requisite prior express consent to call her. The parties have agreed to a settlement.

### Why is this a class action?

In a class action, one or more people called "class representatives" file a lawsuit on behalf of people who have similar claims. All of these people together are a "class" or "class members." The Court accordingly resolves claims for all class members, except for those who exclude themselves from the class.

### Why is there a settlement?

Baker, on the one hand, and NSL, on the other, have agreed to settle the lawsuit to avoid the time, risk and expense associated with it, and to achieve a final resolution of the disputed claims. Under the settlement, participating class members will obtain a payment in settlement of the claims raised in the lawsuit. Baker and her attorneys think the settlement is best for all class members.

### How do you know if your claims are included in the settlement?

The class covers calls made from October 16, 2013 to _____ and is defined as:

Each person throughout the United States who was: (1) listed as a credit reference on a student loan application; and (2) called by NSL on a cellular telephone number using dialing technology manufactured and/or licensed by Interactive Intelligence. Excluded from the class definition are: (1) persons who were listed as credit references on student loan applications and who also have student loans serviced by NSL; (2) persons or entities included within the class defined in the Final Approval Order (Dkt. # 177) in Johnson v Navient Solutions, Inc., Case No.: 1:15-cv-0716 (S.D. Ind.); and (3) any employees, officers or directors of NSL, any attorneys appearing in this case and any judge assigned to hear this action.

### What does the settlement provide?

NSL will establish a settlement fund in the amount of $2,500,000. Out of the settlement fund, NSL will pay:

     a.     Settlement compensation to the class members;

     b.     The costs and expenses of administrating the class action settlement;

   c. An award of attorneys' fees in an amount up to one-third of the settlement fund, or $833,333, subject to the Court's approval;

   d. Costs and expenses incurred litigating this matter, not to exceed $35,000, subject to the Court's approval; and

   e. A service award to Baker in an amount up to $15,000, subject to the Court's approval.

 Each class member who submits a timely and valid claim form will be entitled, subject to the provisions of the settlement agreement, to his or her equal share of the settlement fund as it exists after deducting: the costs and expenses of administrating the settlement; the attorneys' fees, subject to the Court's approval; the costs and expenses of the litigation, subject to the Court's approval; and the service award for Baker, subject to the Court's approval. How much each class member receives depends on how many people make approved claims. Plaintiff estimates that the amount of the cash award may be $50.00.

 Any remaining monies from uncashed settlement awards may be redistributed in a second distribution to class members who submitted valid and timely claims. However, if a second distribution would result in less than $5 per qualifying claimant, the remaining monies will instead be donated to the National Endowment for Financial Education. In the event a second distribution is made, any remaining monies from uncashed second distribution settlement checks will also be donated to the National Endowment for Financial Education.

### How can you get a payment?

 You must mail a valid claim form to the Baker Settlement Administrator, _____ **postmarked by [DATE], 201__**. Or you must submit a valid claim through www.BakerTCPAsettlement.com by **[DATE], 201__**.

### When will you be paid?

 If the Court grants final approval of the settlement, settlement checks will be mailed to class members who timely mailed or submitted valid claim forms no later than 30 days after the judgment in the lawsuit becomes final. If there is an appeal of the settlement, payment may be delayed.

### What rights are you giving up in this settlement?

 Unless you exclude yourself from the settlement, you will be considered a member of the class, which means you give up your right to sue or continue a lawsuit against NSL over the released claims. Giving up your legal claims is called a release. Unless you formally exclude yourself from the settlement, you will release your claims against NSL.

 For more information on the release, released parties and released claims, you may obtain a copy of the class action settlement agreement from the settlement administrator, at _____, or on the settlement website, www.BakerTCPA settlement.com.

4

**How can you exclude yourself from the settlement?**

You may exclude yourself from the settlement, in which case you will <u>not</u> receive a payment. If you wish to exclude yourself from the settlement, you must mail a written request for exclusion to the settlement administrator, at the addresses set forth below, **postmarked by [DATE], 2018**. You must include in your request for exclusion your:

      a.     Full name;

      b.     Address;

      c.     Telephone number called by NSL; and

      d.     A clear and unambiguous statement that you wish to be excluded from the settlement, such as "I/we request to be excluded from the settlement in the <u>Baker</u> action."

You must sign the request personally. If any person signs on your behalf, that person must attach a copy of a power of attorney or other official document authorizing that signature.

**When and where will the Court decide whether to approve the settlement?**

The Court will hold a final fairness hearing on **[DATE]**, at **[TIME]**. The hearing will take place in the United States District Court for the Eastern District of Virginia, 401 Courthouse Square, Alexandria, VA 22314, before the Honorable Leonie M. Brinkema. At the final fairness hearing, the Court will consider whether the settlement is fair, reasonable and adequate and, if so, whether final approval of the settlement should be granted. The Court will hear objections to the settlement, if any. The Court may make a decision at that time, postpone a decision or continue the hearing.

**Do you have to attend the hearing?**

No. You are not required to attend the hearing. But you are welcome to attend the hearing at your own expense. You cannot speak at the hearing if you have excluded yourself from the class settlement. Once you have excluded yourself, the class settlement does not affect your legal rights.

**What if you want to object to the settlement?**

If you do not exclude yourself from the settlement, you can object to the settlement if you do not believe it is fair, reasonable and adequate. If you wish to object, you must mail a written notice of objection, postmarked by **[DATE], 201___**, to class counsel, NSL's attorneys, and to the Court, at the following addresses:

| Class Counsel: | NSL's Counsel: | Court: |
|---|---|---|
| William L. Downing | Lisa M. Simonetti | U.S. District Court for the |
| CONSUMER LEGAL | VEDDER PRICE (CA), LLP | Eastern District of Virginia |
| SOLUTIONS, PC | 1925 Century Park East | 401 Courthouse Square, |
| 1071 Bay Breeze Drive | Suite 1900 | Alexandria, VA 22314 |
| Suffolk, VA 23435 | Los Angeles, CA 90067 | |

You must include in your objection your:

    a.    Full name;

    b.    Address;

    c.    Telephone number called by NSL to demonstrate that you are a person in the Settlement Class;

    d.    A statement of the specific objection(s);

    e.    The grounds for the objection(s);

    f.    Identification of any documents to show that you are a person in the Settlement Class or which you desire the Court to consider; and

    g.    A statement noting whether you intend to appear at the fairness hearing.

### By when must you enter an appearance?

Any class member who objects to the settlement and wishes to enter an appearance must do so by **[DATE], 201__**. To enter an appearance, you must file with the Clerk of the Court a written notice of your appearance and you must serve a copy of that notice, by U.S. mail or hand-delivery, upon class counsel and NSL's attorneys, at the addresses set forth above.

### What if you do nothing?

If you do nothing and the Court approves the settlement agreement, you will not receive a share of the settlement fund, but you will release any claim you have against NSL related to the allegations. Unless you exclude yourself from the settlement, you will not be able to sue or continue a lawsuit against NSL over the released claims.

### What will happen if the Court does not approve the settlement?

If the Court does not finally approve the settlement or if it finally approves the settlement and the approval is reversed on appeal, or if the settlement does not become final for some other reason, you will receive no benefits and the lawsuit will continue.

### Who are the attorneys for Baker?

The attorneys are:

> William L. Downing
> CONSUMER LEGAL SOLUTIONS, PC
> 1071 Bay Breeze Drive
> Suffolk, VA 23435

> Henry A. Turner
> TURNER LAW OFFICES, LLC
> 403 W. Ponce de Leon Ave., Suite 207
> Decatur, GA 30030

The Court has appointed these attorneys to act as class counsel. You do not have to pay class counsel. If you want to be represented by your own lawyer, and have that lawyer appear in Court for you in this case, you must hire one at your own expense.

### Who are NSL's attorneys?

NSL's attorneys are:

> Lisa M. Simonetti
> VEDDER PRICE (CA), LLP
> 1925 Century Park East, Suite 1900
> Los Angeles, CA 90067

### Where can you get additional information?

This notice is only a summary of the settlement. All documents filed with the Court, including the full class action settlement agreement, may be reviewed or copied at the United States District Court for the Eastern District of Virginia. In addition, pertinent case materials are available at the settlement web site, **www.BakerTCPAsettlement.com**.

If you would like additional information about this matter, please contact:

### Baker Settlement Administrator
### [address]
### [telephone]

Please do not call the Judge or the Clerk of the Court about this case. Neither the Judge, nor the Clerk of Court, will be able to give you advice about this case. Further, neither NSL nor NSL's attorneys represent you, and they cannot give you legal advice or information. If you wish to speak with someone, contact William Downing, class counsel, at 757-942-2554.

LOS_ANGELES/#42331.1