IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| DENISE BAKER, for herself and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>NAVIENT SOLUTIONS, LLC,<br><br>Defendant. | Case No. 1:17-cv-1160 (LMB/JFA) |

## FINAL APPROVAL ORDER

The Court having held a final approval hearing on February 8, 2019, notice of the hearing having been duly given in accordance with this Court's Preliminary Approval Order, and having considered all matters submitted to it at the final approval hearing and otherwise, and finding no just reason for delay in entry of this final approval order and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. The Settlement Agreement dated June 19, 2018, including its exhibits (the "Agreement"), and the definition of words and terms contained therein are incorporated by reference hereinafter in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Final Approval Order, which constitutes a Final Judgment and Order of Dismissal.

2. This Court has jurisdiction over the subject matter of the Action and over the Parties, including all persons in the following Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order:

> Each person throughout the United States who was: (1) listed as a credit reference on a student loan application; and (2) called by NSL on a cellular telephone number using dialing technology manufactured and/or licensed by Interactive Intelligence. Excluded from the class definition are: (1) persons who

were listed as credit references on student loan applications and who also have student loans serviced by NSL; (2) persons or entities included within the class defined in the Final Approval Order (Dkt. # 177) in Johnson v Navient Solutions, Inc., Case No.: 1:15-cv-0716 (S.D. Ind.); and (3) any employees, officers or directors of NSL, any attorneys appearing in this case and any judge assigned to hear this action. NSL represents that there are approximately 300,000 persons in the Settlement Class.

3. The Court hereby finds that the Agreement is the product of good faith, arm's length settlement negotiations among Plaintiff, Class Counsel, NSL and NSL's Counsel.

4. The Court hereby finds and concludes that Class Notice was disseminated to the Settlement Class in accordance with the terms set forth in Section III.E. of the Agreement and in compliance with this Court's Preliminary Approval Order.

5. The Court further finds and concludes that the Class Notice and Settlement Award distribution procedures set forth in Sections III.E. and III.F.5 of the Agreement fully satisfy Federal Rule of Civil Procedure 23 and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all persons in the Settlement Class who could be identified and for whom address information could be secured through reasonable effort and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Final Approval Order.

6. The Court hereby finally approves the Agreement and the Settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, reasonable and adequate settlement as to all Settlement Class Members in accordance with Rule 23, and directs its consummation pursuant to its terms and conditions.

7. The Court reserves jurisdiction over all matters arising out of the Agreement.

8. This Court hereby dismisses the Action with prejudice, without fees or costs, except as expressly provided for in the Agreement.

9. Baker and each and every one of the Settlement Class Members unconditionally, fully and finally release and forever discharge the Released Parties from the Released Claims. In addition, any rights of Baker and each and every one of the Settlement Class Members subject to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable or equivalent laws, are terminated.

10. Baker and each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), are hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Final Approval Order and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

11. The Agreement (including, without limitation, its exhibits), and any and all negotiations, documents and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing, by NSL, or of the truth of any of the claims asserted in the Action, and evidence relating to the Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Agreement, the Preliminary Approval Order and/or this Final Approval Order.

12. If for any reason the Settlement terminates or the Effective Date does not occur, then certification of the Settlement Class shall be deemed vacated. In such an event, the certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues, and the Parties shall return to the *status quo ante* in the Action, without prejudice to the right of any of the Parties to assert any argument or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

13. In the event that any provision of the Settlement or this Final Approval Order is asserted by NSL as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Agreement, this Final Approval Order and this Court's authority to effectuate the Settlement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

14. The Court approves Class Counsel's application for attorneys' fees in the amount of $ 833,333.00 and $ 24,379.83 in costs and expenses, and for a Service Award to Baker in the amount of $15,000.

15. Finding that there is no just reason for delay, the Court orders that this Final Approval Order shall constitute a final judgment pursuant to Federal Rule of Civil Procedure 54 and a dismissal of the Action. The Clerk of the Court is directed to enter this order on the docket forthwith.

IT IS SO ORDERED.

/s/ *[signature]*
Leonie M. Brinkema
United States District Judge
2/8/19